Avery, J.
In this case no question concerning actual fraud or fraudulent conveyance, is presented for our determination.
On the trial before the jury, the court charged that retaining posséssion by the vendor was prima fade evidence of fraud, but that the possession might be explained. Under this instruction *429 from the court, the jury found that the possession of the mortgagor was bona fide; so that the only question now to be determined, respects the necessity of a delivery of the goods by a mortgagor, in order to constitue a valid mortgage. If the title passed by this mortgage to the plaintiff, Hooben, then the defendant who claims under Barker, must fail in his defense, according to the authority of 5 Ohio, 202, where it is said that no one can transfer a greater right or better title than he himself possesses. Authorities like the following, upon the subject of delivery, are found :
, “Delivery of goods to a carrier, is equivalent to a delivery to the purchaser.”
“ Symbolical delivery will in many casos be sufficient, and equivalent in its legal effect to actual delivery.”
“ Delivery of the key of a warehouse in which goods sold are deposited, transfer’s the property.” So the delivery of the receipt of the storekeeper for the goods.
*In the sale of a ship at sea the delivery must be symbolical. If the vendor take the vendee within sight of ponderous articles and shows them to him, it amounts to a delivery. Delivery of a sample has been sufficient to transfer the property. 2 Kent’s Com. 393-395. That the property passes to the buyer whore the sale is perfected without delivery, see 2 Kent, 392 ; 1 Swift’s Dig. 378, 380, 3 Johns. 170, authorities cited by the plaintiff’s counsel.
The delivery in a case like the present, where the mortgagee if he were to take possession, must, according to the understanding of the parties, immediately restore it, is so purely a matter of form, attended with no real benefit, that there seems to be but little reason for requiring the act. From the cases above noticed, and others of a similar character, it would be implied that, according to the general rule, a delivery is necessary to constitute or to prove a perfect change of property. The civil law required a delivery, and so it has been said did the common law. But we think delivery not necessary by the common law to pass the title to personal property; that a sale without it is complete as between the parties, though it be not so as to affect the interests in certain cases of third persons. Since the case in 5 Ohio, above referred to, the law has been settled in this state as to third persons also. We think, therefore, that delivery is not essential, and that *430 the court erred in requiring proof of it upon the trial of this cause.
The judgment will be reversed.