THOMAS PIERCE *v.* ESTATE OF MALONA PIERCE.

*Husband & wife. The right of the husband to claim, against the estate of his wife, for improvements and repairs made by the husband, upon the estate, and for taxes paid during coverture, discussed and considered.*

No transaction between husband and wife during coverture, will create a debt against the estate of the wife, after her decease.

*Query*—Whether a court of chancery might not grant some relief, if a husband should make permanent improvements upon the wife's estate, greatly beyond the value of the rents, and should unexpectedly be deprived of the same, by a dissolution of the coverture, by the death of the wife.

APPEAL from commissioners, in the form of book account. The County Court appointed an auditor, who reported substantially the following facts :

That the plaintiff intermarried with the widow Malona Flint, in 1843, who had real and personal property in her own right ; her real estate consisting of a dwelling-house at St. Johnsbury center village, and her personal property consisting of money, demands, and furniture, to the amount of three or four hundred dollars.

That soon after their marriage, the plaintiff took up his residence in the house of the said Malona, where they continued to reside together, until her decease in 1850, a period of about seven years and one half. That during the early part of their cohabitation, the plaintiff made considerable improvement on said house and real estate, in finishing off the house, painting, papering, and in building a barn and shed.

That the barn was erected on land purchased by the said Malona, after marriage, and paid for by her, out of her separate funds, and deeded directly to her, and towards the building of which she furnished thirty-eight dollars of her private money.

That it did not appear that plaintiff claimed or asked for further advances towards the expense of the improvements made; that the plaintiff was in the habit of hiring money of his wife, from time to time, for which he invariably gave her his note, and in this respect, dealt with her as with a stranger.

That the premises, after the improvements were made, were

worth the yearly rent of seventy-five dollars; but no account was made between the parties, for rent during the said seven and one-half years; that the premises were sufficiently convenient for the said Malona, before the improvements were made, she having but little family and no stock, of any kind.

That part of plaintiff's account was for taxes paid upon the estate, it being set in the grand list to Thomas Pierce and wife.

The auditor also reported, that if the court, from these facts, should be of the opinion that plaintiff was entitled to recover, then he found due to the plaintiff the sum of $129 44, being for improvements and taxes paid upon said estate.

The County Court, December Term, 1852,—POLAND J. presiding,—upon the foregoing facts, adjudged that the plaintiff could not recover, and rendered judgment in favor of the defendant.

Exceptions by plaintiff.

*Bartlett & Roberts* for plaintiff.

Let us see how far courts have regarded the consolidation of husband and wife.

In *Porter et al.* v. *Bank of Rutland et al.*, 19 Vt. 410, the court say, that in chancery, whenever the interest of the two conflict, the wife is allowed to bring a suit against the husband, and the husband against the wife, as if they were sole and unmarried.

In *Stanwood* v. *Stanwood et al.*, 17 Mass. 57, which was a suit at law, the court determined, that the executors of the plaintiff's husband were liable to her for the dividends of profits on certain bank shares, which stood in her former name of Sarah Ela.

In the 3 P. Williams, a case still more in point, is reported; there the wife, by leave of the husband, had sold, for her own benefit, butter, poultry and similar articles, to the amount of one hundred dollars, which she loaned to her husband; after his death, it was held, that the executor should pay it from the husband's estate, there being no deficiency of assets.

A married woman being administratrix, received a sum of money in that character, which she lent her husband, and took his note with two sureties; held, that after the death of her husband, she might recover against either of the other makers of the note, with interest from the date. *Richards* v. *Richards*, 22 E. C. L. 119.

The counsel also cited 2 Story's Equity, §1367, 1372, 1373 and 1399.

*S. W. Slade* for defendant.

The plaintiff, by marriage, became seized of a freehold estate, in the lands of his wife, which must continue, at least, during their joint lives; and until his title was defeated, they were his own. When he made repairs upon the buildings, or additions to them, or erected new buildings, if they were proper for the freehold, and which were attached to it, and contributed to its value, they became a part of the freehold, and must pass with it. 2 Kent's Com. 130 to 132. 2 Kent's Com. 345. 1 Selwyn Nisi Pri. 1387. *Preston* v. *Briggs,* 16 Vt. 124. *Leland Adm'r* v. *Gassett,* 17 Vt. 403. ·

It is well settled, that a *femme covert* cannot bind herself, by contract with any one; and that at law, no contract can be made, or inferred, between husband and wife, without the intervention of trustees, for they are regarded as one. *Shaw* v. *Thompson,* 16 Pick. 198. 1 Bl. Com. 442—3. *Robinson* v. *Reynolds et ux.* 1 Aik. 174. 1 Wheaton's Selwyn 281-2-3-4-5. 2 Kent Com. 129, 130. Ib. 168, 169. Chit. on Cont. 39, 40. Chit. on Bills, 25 to 27. *Fourth Ecclesiastical Society in Middletown* v. *Mather,* 15 Conn. 587.

. There is no equity in the plaintiff's claim. The use of the premises was worth more to the plaintiff than he claims to have expended, on account of them; and the expenses were all for his benefit, and without any expectation of ever receiving or asking anything for them, until since the death of his wife. *Bailey* v. *Bailey,* 16 Vt. 656.

The opinion of the court was delivered by

REDFIELD, Ch. J. This is a claim in the form of book account, for repairs made by the husband, upon the real estate of the wife, while in the possession of the husband, during coverture, and for taxes. During this same term, the rents of such estate greatly exceeded the repairs, and taxes.

1. No transaction between husband and wife, during coverture, will create a debt against the estate of the wife after her decease.

2. This claim has been more than reimbursed by the rents; so that the plaintiff has no just claim for compensation, even in a court of equity.

3. The repairs and taxes were incumbent upon the plaintiff, during the occupancy of the estate, probably in order to keep it in

tenantable condition, and to free it from accruing burdens, and could create no claim, either in law, or equity, against any one, so long as they were more than compensated by the rents, and were done and paid by the plaintiff, in his own right, and with no reasonable ground to expect they would be reimbursed by any one.

4. If a husband should make permanent improvements upon the wife's estate, greatly beyond the value of the rents, and should unexpectedly be deprived of the same, by a dissolution of the coverture, by the death of the wife, it is possible, a court of equity, in a strong case, might grant some relief, by a division of the estate, to prevent great injustice, by what, in a court of equity, might be regarded, as in some sense, an unexpected occurrence, and so coming fairly within its jurisdiction to relieve from accident. But even this is doubtful. And the present case affords no such state of facts.

Judgment affirmed.