DANIEL WEBSTER *v.* NATHANIEL HILDRETH AND LUCINDA HILDRETH.

(IN CHANCERY.)

*Husband and wife. Attachment. Chancery.*

If a husband improve his wife's land without any agreement with her through trustees or otherwise, that his labor and money expended thereon shall vest in him any interest therein or entitle him to any claim against or compensa-tion from her property, he gains no right or title thereto which his creditors can reach by attachment or by the aid of a court of equity.

BILL IN CHANCERY. The material facts of the case are stated in the opinion of the court.

POLAND, chancellor, dismissed the bill, from which decree the orator appealed.

*Cooper & Bartlett,* for the orator.

*Edwards & Stewart,* for the defendants.

ALDIS, J. In 1844 Thomas Fisk deeded to his daughter Lucinda, the wife of Nathaniel Hildreth, a wild lot of land in Charleston. Hildreth and wife (the defendants) moved on to the lot, and have since lived on it; have, with the help of their children, cleared up a large part of it, erected buildings and made valuable improvements. The lot was originally worth about two or three hundred dollars, and is now valued at twelve or fifteen hundred dollars, the increased value being in part from the rise of the land in price, and part in the improvements.

Hildreth, the husband, has by his labor and money contributed to the improvements. But during the whole time the title to the land has always been in the wife,— it so appearing of record and being so generally known.

The orator, having a debt against the husband, sued it, obtained judgment and levied the execution on seven undivided twelfth parts of the farm so belonging at law to the wife, claiming that the husband's labor, earnings and money have contributed to the

improvements and made up eight-twelfths of its present value, and that he has thereby an undivided equitable interest to that extent in the farm.

This bill is brought to confirm the title of the orator to the undivided interest he has levied upon, and to obtain a partition of the land between him and the wife, in proportion to their alleged interests.

The bill states that the husband has invested his money and property in his wife's farm with the intent to defraud his creditors. But we do not find any such intent or fact proved, and it is wholly denied in the answers. The answers allege that the husband has, with his wife and four minor sons, lived on the farm and cleared and improved it in order to get a living, and promote the comfort and welfare of the family. No agreement is alleged to have existed in any form between the husband and wife, through trustees or otherwise, that his labor and improvement of the farm should vest in him any interest in the farm, or entitle him to any claim against or compensation from her property. Without such an agreement in some legal form, we do not perceive how he could get any equitable claim upon the farm. He would be but a volunteer, knowingly contributing to the improvement of his wife's estate, and without any expectation of compensation. The wife could not prevent him from doing such voluntary service for her benefit. Clearly he has no right, legal or equitable, to claim compensation for services so rendered. If so, deeds and settlements for the separate use of the wife would be of but little avail, and husbands would have the power to improve their wives out of their estates.

Nor can the creditor have any greater right against the wife's estate than the husband has. No fraud was practiced on him. He was not induced to give the husband a false credit, for he knew the land belonged to the wife. Morally the husband may have acted wrong, in the eyes of creditors, in bestowing his labor upon the improvement of his wife's land, rather than in the acquisition of property which could be attached. But for this preference of themselves to their creditors, the law has still left many opportunities for debtors, and equity has no jurisdiction to appropriate to the benefit of creditors property which the law has

not made attachable ; or to compel men to work for their credit-ors who may perversely prefer to work for the benefit of their wives and children, and leave honest debts unpaid ; *Pierce* v. *The Estate of Pierce*, 25 Vt. 511.

In *White* v. *Hildreth and Trustee*, 32 Vt., in Orleans county, we held that the rents and profits of this land could not be attached by a creditor through the trustee process against one to whom the farm was leased. It would seem absurd to hold that the land itself could be taken by creditors of the husband, while its rents and profits could not.

The right of a tenant or claimant of land to betterments has no analogy to this case. The claim to betterments exists only where they were made by one supposing at the time he made them, that he had a good title. Mere volunteers, who know they have no title, have no such right.

In another view the orator's bill is untenable. The husband, even if he had an equitable interest or claim as against the wife, had no attachable interest. But it is superfluous to pursue this view of the subject.

The whole proceeding by the creditor has no legal basis to rest upon as against the wife's rights.

The decree dismissing the bill is affirmed.