CORNING v. FOWLER *et al.*

**Husband and wife:** IMPROVEMENTS BY HUSBAND ON WIFE'S LAND. A judgment creditor of the husband has no lien upon the wife's land for improvements made by the husband thereon, nor can the same be subjected to the payment of the creditor's claim to the extent of such improvements.

*Appeal from Benton District Court.*

WEDNESDAY, JUNE 3.

CREDITOR'S BILL. — The amended petition charges, that the husband, Nelson M. Fowler, was indebted to plaintiff

and others; that he was insolvent; that he purchased some land (six acres) near Iowa Falls, in Hardin county, taking the title in the name of his wife; that he entered into possession, and made thereon valuable improvements, building a house, stable, etc., all with his own means and for the purpose of defrauding his creditors. The indebtedness is admitted, as also the purchase of the land and the improvements; but it is claimed, that the purchase was made with the wife's money, and that the improvements were made in part, at least, by her. The insolvency is not denied. The answers do deny all fraud and all intention to hinder or delay creditors. Upon the issue joined, the court below after examining the testimony dismissed the petition, and plaintiff appeals.

*Shane & McCartney* for the appellant.

*M. W. Anderson* and *S. P. Vannatta* for the appellees.

WRIGHT, J. — That plaintiff is a creditor of the husband; that he obtained a judgment; that it remains unsatisfied; that an execution thereon has been returned *nulla bona;* that he was such creditor prior to the purchase of the land sought to be subjected to the payment of his judgment; that the title is in the name of the wife; that the husband was insolvent at that time ; that this was known to the wife, — are facts, which are either admitted or abundantly established by the evidence. That the land was purchased with the means of the wife, though somewhat controverted at the commencement of this litigation, we conclude is not now seriously denied, and we think is fairly shown by the testimony. Indeed, as we understand appellant's argument, he claims that he is entitled to a decree establishing a lien against the land owned by the wife, to the extent of the amount expended

HUSBAND AND WIFE: improvements by husband on wife's land.

by the husband thereon in the way of improvements. We therefore dismiss any question as to the land itself, and confine ourselves to the inquiry whether plaintiff is entitled to the lien to the extent of the improvements, or the money expended by the husband from his own means upon the premises purchased and owned by the wife.

While it is undeniable that the wife had knowledge, that these improvements were being made, and that the husband was expending his own means in and about the same, it is not shown, that there was any fraudulent intent on his part brought to her knowledge, or that she participated in any such purpose. In substance the case is this : The wife owns the land ; the husband is in debt; she expends some of her own means in improvements ; he a much larger amount; she is guilty of no collusion, has no fraudulent purpose, but has knowledge of the improvements made by him, and makes no objections to his thus expending his money. Under such circumstances can the creditors enforce a lien against the lands of the wife to the extent of the money thus invested by the husband? It seems to us not.

If the case stood as a voluntary gift or conveyance of property by the husband to the wife, without a consideration valuable in its nature, made for the purpose of defrauding his creditors, equity could well follow such property into the hands of the donee or grantee, although the donee or grantee was in no way privy to the fraud. But this rule can have no application where the husband makes with his own means improvements on the lands of the wife, without any contract that he acquired an interest thereby in the realty, or that she was to be liable or accountable to him for the value thereof. The expenditure was voluntary — not under any contract — and it would place at the disposal of an insolvent and spendthrift husband the entire real property of the wife, if his

creditors could follow the means expended by him thus voluntarily thereon, and enforce their claims or liens to the extent of such expenditure. The wife cannot thus, without her consent, be made the trustee of the husband, holding her own lands in trust for the payment of liens in the creation of which she had no part. In a contract, express even between the husband and wife, under which he himself or creditors sought to enforce a lien upon her realty, a court of equity would scrutinize closely its terms, and guard carefully her rights. To recognize the existence of such a lien from the fact that he, while in debt, has added to the value of her lands by expending his means thereon, would be going further than any case brought to our attention, and it seems to us would be most dangerous in practice, and in violation of the rights of the wife, — rights, which equity, because of her dependent relation, has ever made the peculiar object of its care. The cases of *Washburn* v. *Sproat* (16 Mass. 449); *Wells* v. *Banister* (4 id. 515), will be found to support this view. See also 1 Hill. on Real Property, 54 (2d ed.), and further, *Webster* v. *Hildreths* (33 Verm. 457), directly in point. Says ALDIS, J., in that case, " Clearly he (the husband) has no right, legal or equitable, to claim compensation for services so rendered. If so, deeds and settlements for the separate use of the wife would be of but little avail, and husbands would have the power to improve their wives out of their estates. Nor can the creditor have any greater right against the wife's estate than the husband has. * * * * Equity has no jurisdiction to compel men to work for their creditors who may perversely prefer to work for the benefit of their wives and children, and leave honest debts unpaid." And see further *Pierce* v. *Estate of Pierce*, 25 id. 511; *White* v. *Hildreth*, 32 id. 265.

Affirmed.