Feller vs. Alden.

## FELLER vs. ALDEN.

*Married woman — Right to employ husband as laborer on her real property, and as agent to invest her money.*

1. A wife owning land as her separate estate, may cultivate the same by means of the labor of her husband and their minor children, and the *legal title* to the products and proceeds thereof will still be in her, so that they cannot be levied upon under an execution against the husband.
2. Whether a court, in a proper proceeding in equity, will apportion such proceeds and products with reference to the proportionate value of the wife's capital and the labor and services of the husband and minor children, and subject a due portion thereof to the payment of the husband's debts, is a question not raised in this action.

Feller vs. Alden.

3. The mere fact that the wife employs the husband's services in cultivating her land, is not proof of an attempt to defraud his creditors.
4. Money placed by a wife in her husband's hands to be invested for her does not thereby become his property.

APPEAL from the Circuit Court for *Waukesha* County.

Replevin. The defendant, as sheriff, levied upon the goods in dispute (being certain domestic animals and grain), under an execution, as the property of the plaintiff's husband. The case will appear from the opinion. The court rejected evidence offered by the defendant to show that the husband carried on the farm, and with his wife and minor children did all the work on it, and at his expense produced the grain levied on. The defendant asked the following instructions, which were refused: " 1. If the plaintiff has permitted the husband to live upon her farm, and use the same as a homestead for his family, and he has expended his own time and labor, and the labor of his wife and minor children toward the production of the rents, issues and profits arising from the said farm, the law implies that she has surrendered to him her ownership of said rents, issues and profits, and, as his property, the same are liable for his debts. 2. If the business of farming was conducted in the manner proven, for the purpose of covering up the proceeds of the labor and means, or either, of the plaintiff's husband, or the labor of the minor children, and that was done for the purpose of delaying the husband's judgment creditors, that would constitute fraud upon the creditors, and the jury should find for the defendant. 3. If the plaintiff sold her land in the state of New York, and took the proceeds or money on the sale thereof, and gave the same into the hands of her husband, the same became her husband's, and any arrangements between the plaintiff and her husband, that the plaintiff should hold and use said proceeds or money as her separate property, are void as to her husband's creditors. 4. If the property in question mixed up the separate means of plaintiff and her husband's

means or earnings, with her consent, then it became her husband's, and was liable to levy and sale upon the execution." The instructions given will sufficiently appear from the opinion. Verdict and judgment for the plaintiff; and defendant appealed.

*E. Hurlbut*, for appellant, contended that the court erred in its rejection of evidence, citing 4 Duer, 476; 5 id. 476; 10 How. Pr. R. 109; 16 id. 93; 7 id. 105; 8 id. 265; 12 id. 335; 1 Hilt. 476; 28 Barb. 622; 15 Wis. 365; 17 id. 591; 20 id. 562; Bright on H. & W. 34; Clancy's Rights of M. W. 27. 2. The court erred in refusing the instructions asked. 4 Wis. 112; 5 id. 613; 6 id. 338; 13 id. 603; 15 id. 195; 17 id. 591; 20 id. 502; 13 Pa. St. 363; 21 id. 349; 4 Duer, 96; 5 id. 476; 10 How. Pr. R. 109; 8 id. 265; 1 Hilt. 476; 28 Barb. 622; 11 Mich. 470.

*Small & Westover*, *contra*, cited 6 Wis. 338; 18 Pa. St. 336; 27 N. Y. 277; 33 id. 518.

COLE, J. The charge of the court on some points contained substantially propositions the opposite of those embraced in the defendant's instructions. The jury were told, that if they were satisfied beyond a reasonable doubt, from the testimony, that the farm on which the chattels in controversy were seized was purchased and paid for by money belonging to the plaintiff, and the deed taken in her name, then the property belonged to her as her separate estate, and that neither her husband nor his creditors were entitled to the same, nor to any portion thereof; that the plaintiff was entitled to all the rents, issues and profits of the farm; that this included the crops and the stock grown thereon, and the proceeds of them, and all property for which she might have exchanged them. This was, in effect, charging in the express language of the statute, which declares that the real estate of the wife, and the rents, issues and profits thereof, shall be her sole and separate property, as if she were a single

woman.    The jury were to be satisfied beyond a reasonable doubt, that the farm was really the separate property of the wife, purchased with money belonging to her; and this fact being established, then the wife could recover the property seized upon the execution against her husband.    Thus far the case would seem to be clear and free from all doubt.    But it appears that the plaintiff has permitted her husband to occupy the farm as a homestead, and he has expended his time and labor, as well as the labor of the minor children, in managing the farm, cultivating and securing the crops, and attending to the stock. The court charged the jury, that although the husband and children worked the farm, and were the only persons who culti-vated it, still the produce raised on the farm, and the pro-ceeds of such produce, belonged to the plaintiff, unless she had transferred them in some form to her husband; but that the jury were not at liberty to find such transfer from the mere fact that the husband was simply supported by the plaintiff, and that he worked on the farm.

Is this view of the law correct?    As applied to the facts of this case, we are inclined to hold that it is.    For, if the farm were really the separate estate of the wife, as we have already said, the statute expressly declares that she may hold and enjoy it, with the rents and profits, in the same manner and with the like effect as though she were unmarried.    It would seem to follow from this, that she might cultivate the farm, and manage the personal property, by means of any agency which any other owner of such property might employ, and the produce thereof, with the increase of stock, would belong to her. *Knapp v. Smith,* 27 N. Y. 277; *Buckley v. Wells,* 33 id. 518; *Owen v. Cawley,* 36 id. 601.    And that she is at liberty to avail herself of the agency of her husband to manage her separate estate, is a proposition fully sustained by the above authorities.    She may employ him to manage her farm, without forfeiting her rights in the products; nor will the law imply, from the mere

fact that she does employ him, that she has given up and surrendered to him the ownership in the rents and profits. But it is said that the wife is not entitled to the labor of her husband, and that, so far at least as his personal services enter into or contribute to the products, she has no right to the benefit of them as against his creditors. But even if the husband's labor did produce the crops upon the plaintiff's farm, this would not divest her of the legal title to the crops, so as to subject them to a levy on an execution against the husband. Unless this were so, it would follow that she could not employ her husband to work the farm and attend to the crops, without forfeiting her legal title to the rents and issues of her separate estate. But when the husband's labor and expense produce the crops upon his wife's farm, perhaps a court of equity, upon the application of his creditors, would make an apportionment of the products as between the fair rent and use of the capital of the wife and the value of his personal services, so as to give the creditors the benefit of his industry. Some such relief was granted in *Glidden et al. v. Taylor et al.*, 16 Ohio St. 509; and the doctrine of that case seems reasonable and equitable. However, we think the remedy of his creditors, if they have any, to reach the profits of the husband's labor in the case, is in a court of equity, which can so mould the relief as to protect the wife in the full enjoyment of her separate estate. She ought not to be held to have lost all her rights in the products of the farm, merely because she has employed her husband to work upon it, and because his services may have contributed to the accumulations.

· If his creditors can have the full benefit of his labor, by a fair and just apportionment of the products, it is as favorable a position as they can assume. Upon the trial, the defendant offered to prove that the husband of the plaintiff carried on the farm; that he, with his wife and family, did all the work upon it, and, at his expense, produced and raised the wheat and oats

levied on by the officers. But this evidence was excluded, and, as we think, rightfully; for, even if all this were true, the legal title of the wife was not thereby diverted so as to subject the property to a sale upon an execution against the husband. The farm being her separate estate, the issues and proceeds thereof belonged to her, except perhaps such a portion as a court of equity might, under the circumstances, apply to the payment of his debts, it being the result of his expense and labor. On this point, that the law will not tolerate any arrangement by which the husband becomes the servant or agent of the wife in the management of her property, we were referred by the counsel for the defendant to *Sherman v. Elder*, 1 Hilton, 476. That case, however, came before the Court of Appeals in 24 N. Y. 381, and was reversed. But the doctrine of that court, even in this case, was more restricted than in the subsequent cases above cited, where the law is distinctly laid down, that a married woman, having a separate estate, can manage it by the agency of her husband, or any other, and hold the profits and increase to her own use.

Of course, the law will not tolerate any arrangement between the husband and wife resorted to for the purpose of covering up his property, and to defraud his creditors. But the mere fact that the husband works upon the wife's farm would not constitute any such fraudulent arrangement, because, the property being hers, she has the right to employ her husband to manage it for her. The second instruction asked by the defendant was too broad in its language, applying to a case where the business was conducted in the manner proven, for the purpose of covering up the *proceeds of the husband's labor and means, or either*.

The error in some of the other instructions is, that the wife could not place her money in the hands of her husband, even to be invested for her, without its becoming his property. This is not so. The husband might act as agent for his wife in buying a farm for her and paying her money for it. And when

intrusted with .her funds for such a purpose, it is incorrect to say that it became his personal property because it was in his possession.

These remarks dispose of the material questions in this case.

It results from our views, that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.