RUSSELL v. LONG.

1. **Husband and Wife**: PROPERTY OF WIFE: INCREASE. The increase of live stock owned by the wife is her property and is not liable for the debts of the husband, though it is kept and cared for by him.

2. ———: FAMILY EXPENSE: FARM IMPLEMENTS. A breaking plow is not a family expense, for the purchase price of which the property of the wife is liable.

*Appeal from Dallas Circuit Court.*

MONDAY, OCTOBER 27.

THE plaintiff is a married woman. Her husband, Martin Russell, is a farmer. He owns no real estate, but rents land from year to year, which he cultivates. The plaintiff performs the ordinary duties of a housewife without the aid of hired help, and she generally assists her husband in planting and gathering corn, loading and stacking hay, etc.; but she has at no time been engaged in any business separate from her husband. They have thus lived and labored for the last ten years. In the year 1869 the plaintiff's father gave her a cow and a hog. She exchanged the hog for another cow. In the spring of 1878 the increase of the two cows, and the calf of the cow given to plaintiff by her father, produced six calves, and there were then fourteen head of cattle in all, the same being the increase of said cows, and held by plaintiff and her husband. The husband of the plaintiff has furnished feed for the sustenance of all of said cattle, with such aid as his wife has

been able to give him, except that her father gave them about sixty bushels of damaged corn at one time, and fed the cattle for them about six weeks in the spring of 1877.

The husband of the plaintiff purchased from Furst & Bradley a breaking plow with which he broke prairie for hire. The money received for such work was used for the support of his family, consisting of himself, and plaintiff and one child. Furst & Bradley recovered a judgment before a justice of the peace against said Martin Russell for the contract price of the plow. An execution was issued upon the judgment, and the defendant as constable levied upon the six spring calves. The plaintiff, claiming to be the owner of the calves, replevied them from the constable.

The cause was tried by the court without a jury, and it was found upon the foregoing facts that plaintiff was the owner of the property, and the possession thereof was awarded to her. Defendant appeals.

*Nourse, Kauffman & Co.*, for appellants.

*Baugh & Sweeley*, for appellee.

ROTHROCK, J.—I. By the common law not only the increase of the cows, but the cows themselves, under the facts found, would have been the property of the husband and liable for his debts. But the legislature of this state has taken a wide departure from the common law upon the subject of the rights of married women to hold property independent of the husband and his creditors. A married woman may own in her own right real and personal property, and manage, sell, convey, and devise the same by will to the same extent and in the same manner that her husband can property belonging to him. Code, section 2202. If either husband or wife obtain possession of property belonging to the other, the owner of the property may maintain an action therefor in the same manner as if they were unmarried. Sec. 2204. Neither husband nor wife is liable for the ordinary debts of the other, nor is the property of either, nor the rent

*Margin note:* 1. HUSBAND and wife: property of wife: increase.

or income of such property, liable for the separate debts of the other. Sec. 2212.

It is contended that as the plaintiff was not engaged in a separate business from that pursued by her husband her earnings while in the performance of the duties growing out of the marital relation are the property of her husband, and as the increase of the cows was produced by the labor and care of the husband, or of the husband and wife jointly, such increase is the property of the husband, and we are cited to *Mewhirter v. Hatton*, 42 Iowa, 288, and *Tuttle v. The C., R. I. & P. R. Co.*, Id., 518. It was held in those cases that the earnings of the wife were the property of the husband, and that he could recover for an injury to her by which she was unable to perform the ordinary labor incident to the marital relation—that the wages of the wife are her property only when she carries on a separate business, or is working for wages. But the question in this case is, we think, essentially different from that determined in the cases cited. Here the wife is not claiming for her wages. She is claiming specific chattel property, the increase of other property which was owned by her. The statute nowhere makes the possession of property a test of ownership as to creditors of the husband, as was the case at common law, and under the Revision of 1860. But it is contended that the increase of the property belongs to the husband because he was the party by whose labor, skill, and care such increase was produced. If it had been shown that the husband hired the cows of the plaintiff for a given period, and that during such period the increase was produced, there might be force in the suggestion. But the record shows that the husband voluntarily expended his labor, and the products thereof, in the care and keeping of his wife's property, and it does not appear that there was any agreement for compensation either in the increase of the property or otherwise. We think the property was not liable for the payment of the husband's debts. In *Webster v. Hildreth*, 33 Vt., 457, it is said "equity has no jurisdiction to compel men to work for their creditors, who may perversely prefer to work for the benefit of their wives and children, and leave honest debts

unpaid." See *Hanson v. Millett*, 55 Maine, 184. It does not appear when the husband contracted the debt in question. It will be presumed it was since the taking effect of the sections of the Code above cited.

II. It is claimed that the purchase of the plow was a family expense, and properly chargeable upon the property of the wife. Code, Sec. 2214. We have held that a reaping machine was not property of that character. *McCormick v. Muth*, 49 Iowa, 536. That a plow is not embraced in the class of property designated by the statute seems to us to be beyond question. Besides, there was no judgment against the plaintiff, upon which an execution could have issued against her separate property.

2. ——: family expense: farm implements.

AFFIRMED.