No. 8617.

MOORE, ADMINISTRATOR, v. LAMPTON ET AL.

HUSBAND AND WIFE.—*Improvements on Wife's Real Estate.—Debts of Husband.—Creditor of Husband.—Pleading.*—A complaint by the creditor of a husband to charge his demand upon real estate of the wife or the rents thereof, on the ground that the husband had expended his own means in making improvements thereon in fraud of his creditors, must show

that at the time the husband had not other property sufficient, etc., and that, knowing of the husband's fraudulent purpose, she participated or acquiesced in it.

*Quære*, whether, if the wife was party to the fraud, the creditor could have a remedy against her real estate.

From the Clark Circuit Court.

*J. B. Merriwether*, for appellant.

*A. Dowling*, for appellees.

Woods, J.—The appeal is from the judgment of the court sustaining a demurrer for want of facts to the appellant's complaint.

The appellant sued as the administrator of the estate of George W. Lampton, alleging, in substance, the following facts, to wit: That George W. Lampton died intestate in October, 1869, and the defendant Benjamin F. Lampton intermeddled and converted a part of the estate to his own use, for which the plaintiff sued him, and on the 14th day of January, 1873, recovered judgment against him in the court of common pleas of Clark county, in the sum of $220, and costs of suit, which judgment is still unpaid, execution thereon having been issued at the plaintiff's instance on the — day of ——, 1873, which was returned by the sheriff of the county unsatisfied; that, at the time of his said intermeddling, the said defendant was the owner in fee simple of 17¾ feet off of the east side of lot No. 215, in the city of Jeffersonville, which was unimproved; that afterwards the defendant sold said ground to Maria L. Hardy, who again sold it to the defendant Ellen Lampton, the wife of said Benjamin, it being yet unimproved and worth no more than $200; that afterwards, in March, 1870, said Benjamin F. Lampton, with his own money and means, improved said lot by erecting thereon a house and out-houses and fences to the amount and value of nine hundred dollars. That the liability of said Benjamin to said estate upon which said judgment was obtained, accrued in October, 1869; that, after he had expended his money and means in improving said lot, he had no property subject

Moore, Administrator, *v.* Lampton *et al.*

to execution and was insolvent, and has been so ever since; that, in so expending his means upon his wife's property, his purpose was to hinder, delay and defraud his creditors, and the expenditure was made without consideration.

Wherefore the plaintiff prays that said property be sold, and from the proceeds there be paid, first, the $200, the value of the lot, and, second, the plaintiff's judgment, interest and costs.

Irrespective of the question whether creditors may in any way reach the wife's real estate, on account of improvements made by the husband by an expenditure of his means in fraud of his creditors, the ruling of the court in this case was right.

It is not averred that at the time when the improvements were made, the husband had not ample property for the payment of all his debts, or liabilities, subject to seizure and sale upon execution. Such an averment is clearly necessary. *Bruker* v. *Kelsey*, 72 Ind. 51, and cases cited.

Neither is it averred that the alleged fraudulent purpose of the husband, or the fact of his indebtedness and insolvency, were known to the wife. Without such knowledge and an averment that the improvement was made with her knowledge, she participating, or at least voluntarily acquiescing, in the fraudulent purpose of the husband, it can hardly be claimed successfully that her property or the improvements made upon it, or the rents and profits thereof, could be reached by the husband's creditors.

In the case of *Behler* v. *Weyburn*, 59 Ind. 143, a case which has been often cited with approval, it was held that a married woman, in this State, had no power to encumber or convey her lands except by deed, in which her husband should join, and consequently that she could not bind herself in respect to her real estate by an estoppel *in pais*. The logical sequence of this ruling would seem to be, that even an active participation by the wife in accomplishing the husband's purpose to defraud his creditors, by expending his means in the improvement of her property, would furnish no ground of relief either against her or her property. See *Corning* v. *Fow-*

*ler,* 24 Iowa, 584; *Webster* v. *Hildreth,* 33 Vt. 457; *Washburn* v. *Sproat,* 16 Mass. 449; *Keeney* v. *Good,* 21 Pa. St. 349; *Barto's Appeal,* 55 Pa. St. 386; *Robinson* v. *Huffman,* 15 B. Mon. 80. *Contra, Lynde* v. *McGregor,* 13 Allen, 182; see also *Cooper* v. *Ham,* 49 Ind. 393.

Counsel for the appellant has placed before us a copy of a recent decision of the Court of Appeals of Kentucky, in the case of *Heck* v. *Fisher,* 78 Ky. 643; but even upon the authority of that case, which contrary to *Behler* v. *Weyburn, supra,* recognizes the power of a married woman to bind herself by estoppels *in pais* in reference to her real estate, the complaint is not good. It was not held in that case that the property could be sold, but only that a receiver might be appointed to rent it out and pay to the appellant, in satisfaction of his debt, the proceeds of the rent in the proportion that the improvements enhanced the value of the property; and this conclusion was reached on the ground that the wife was a party to the fraud, the court saying: " While the rights of married women are jealously watched over by the courts, they will not permit coverture to be used as a cloak for fraud, even when the *feme covert* is a quiescent and not an active participant in its perpetration."

Judgment affirmed, with costs.

HOWK, J., absent.