Pennington v. Flock.

Filed Jan. 31, 1884.

———————◆———————

No. 10,937.

## PENNINGTON v. FLOCK.

FRAUDULENT CONVEYANCE. — *Ejectment.* — *Fraud.* — *Purchaser at Sheriff's Sale.*—*Burden of Proof.—Evidence.*—One who claims title to real estate through a sheriff's sale upon the ground that a previous conveyance of the land by the execution defendant was made to defraud creditors, has the burden of proving fraud, and without evidence that at the time of the levy there was not sufficient other property of the defendant subject to execution, and that when the conveyance was made he did not retain sufficient, to pay his debts, he must fail.

SAME.—*Possession.*—That the grantor retained possession of lands conveyed

by him, is not sufficient evidence to prove that the conveyance was made to defraud creditors.

DEED.—*Description.*—The description of lands in a deed is sufficient if, by applying the rules of surveying thereto, it can be located.

SAME.—*Adverse Possession.*—Adverse possession will not avoid a convey-ance by the real owner, unless the tenant in possession entered and holds, believing that he had title.

From the Harrison Circuit Court.

*L. Jordan* and *S. J. Wright,* for appellant.

*B. P. Douglass, S. M. Stockslager* and *M. W. Funk,* for appellee.

HAMMOND, J.—This was an action by the appellant against the appellee to recover possession of twenty-four acres of land in Harrison county. The appellee answered by the general denial. Trial by jury; verdict for appellee; motion for new trial overruled; exceptions; judgment on the verdict. The overruling of his motion for a new trial is assigned by the appellant as error. The causes, among others, for which the new trial was asked, were that the verdict was not sustained by sufficient evidence and was contrary to law.

The evidence is in the record. It shows that, on December 5th, 1867, Dennis P. Hurst, being the owner of the land in controversy, conveyed the same by warranty deed, his wife joining therein, to Walter L. Pennington, Jr., which deed was recorded on July 25th, 1868; that on January 13th, 1868, said Walter L. Pennington, Jr., conveyed the same land by warranty deed to his father, Walter L. Pennington, Sr., and that said deed was recorded on July 25th, 1868; and that said Walter L. Pennington, Sr., and his wife, on October 16th, 1880, conveyed by warranty deed the same land to the appellant, a son of said grantor, which deed was recorded on November 8th, 1880. The appellee was in possession of the land when this action was commenced.

The evidence on behalf of the appellee shows that, on August 25th, 1875, said Dennis P. Hurst, as principal, and Benjamin Flock, Sr., as surety, executed their promissory note

to David Hallett for $133.60, payable one year after date. Judgment was rendered upon this note on March 13th, 1877, in the Harrison Circuit Court, in favor of Hallett against Hurst as principal and Flock as surety.   An execution was issued upon this judgment and levied upon the land in dispute, as Hurst's property, and the same was sold at sheriff's sale to said Flock, Sr., on May 12th, 1877.   A sheriff's deed, pursuant to the sale, was executed to said purchaser on May 13th, 1878.   Said Flock, Sr., on March 15th, 1879, executed a warranty deed for the land to his son, the appellee in this action.   The sheriff's deed and the deed last named were duly recorded.

The appellee claimed at the trial that the deed from Hurst to Pennington was made to defraud Hurst's creditors.   But there was an entire failure of evidence to prove fraud.  Fraud is not presumed, but must be proved by the party alleging its existence.   Upon the question of fraud the burden of proof was upon the appellee.   *Ewing* v. *Gray*, 12 Ind. 64; *Stewart* v. *English*, 6 Ind. 176 ; *Tenbrook* v. *Brown*, 17 Ind. 410.

There was no evidence tending to prove that Hurst, at the time he made the conveyance to Pennington, was indebted to any person in any amount whatever; nor was there any evidence that, at any time after such conveyance, he became indebted to any one except to Hallett, upon the note above mentioned, which was executed nearly eight years after his conveyance to Pennington.   Flock, Sr., who was Hurst's surety on that note, testified that when he became such surety, he had, for five years prior thereto, known of said conveyance. There was some evidence tending to show that at the time of Hurst's conveyance to Pennington he was threatened with a suit for slander, but there is no evidence that such suit was ever brought.   There was no evidence as to the amount of Hurst's property at any time.   For all that appears from the evidence, he may, independent of the land in suit, have had enough property subject to execution to pay any judgment that could have been rendered against him for slander, and

also enough to pay the Hallett judgment when execution issued thereon. One who retains a sufficiency of property to pay his debts, may do as he pleases with his real estate; he may, if he chooses, give it away, and his creditors have no grounds for complaint as long as he keeps in his own name enough property subject to execution to pay their claims.

The law is well settled that one who attacks a conveyance on the ground of fraud must prove the insolvency of the grantor. In the present case, to establish fraud, it devolved upon the appellee to show that when Hurst made the conveyance to Pennington, he did not have enough other property subject to execution to pay his debts, and also that when the execution on Hallett's judgment was levied upon the land, no property in Hurst's name, subject to and sufficient to satisfy the execution, could be found. *Morgan* v. *Olvey*, 53 Ind. 6; *Holman* v. *Elliott*, 65 Ind. 78; *Bruker* v. *Kelsey*, 72 Ind. 51; *Sherman* v. *Hogland*, 73 Ind. 472; *Lee* v. *Lee*, 77 Ind. 251; *McCole* v. *Loehr*, 79 Ind. 430; *Cox* v. *Hunter*, 79 Ind. 590; *Moore* v. *Lampton*, 80 Ind. 301; *Bishop* v. *State, ex rel.*, 83 Ind. 67; *Jarvis* v. *Banta*, 83 Ind. 528.

There was evidence tending to show that Hurst remained in possession of the land several years after his conveyance to Pennington. But the retention of possession of real estate by a grantor after his conveyance is not of itself sufficient evidence of fraud. *Waller* v. *Todd*, 3 Dana (Ky.), 503; S. C., 28 Am. Dec. 94. The nature of Hurst's possession, whether under contract with Pennington, or otherwise, was not shown. Had it appeared that he remained in possession without paying or agreeing to pay rent, it would, at most, only have tended to prove that Pennington held the land under parol agreement in trust for Hurst. But an express trust can not be shown by parol evidence by a grantor against his grantee. *Fouty* v. *Fouty*, 34 Ind. 433. Nor can a creditor of the grantor prove such parol trust for the purpose of subjecting the land to the payment of his debt, without proving that the conveyance was made to defraud the grantor's creditors, and this

can not be shown without evidence that there were such cred-itors when the conveyance was made, and that the grantor did not then have other property, subject to execution, suffi-cient to pay his debts. The grantor's insolvency is a primary and essential element to establish a fraudulent conveyance, and unless it is shown, other circumstances which, with such insolvency, would be regarded as badges of fraud, can not be held sufficient to avoid the conveyance in the interest of creditors.

The appellee's counsel insist that the description of the real estate in the deed from Hurst to Pennington, and also in the deed of the latter to his father, is so defective as to make the conveyances void for uncertainty as to the land at-tempted to be conveyed. We think, however, that the de-scription is sufficient to enable a competent surveyor to find the land. A witness testified at the trial that he was a prac-tical surveyor, and that by applying the rules of surveying he believed the land described in the appellant's complaint could be located by the description in the deed from Hurst to Pennington; and there was no evidence to the contrary. See *Rucker* v. *Steelman*, 73 Ind. 396; *Allen* v. *Shannon*, 74 Ind. 164; *Brown* v. *Anderson*, 90 Ind. 93.

It is further claimed that at the time of the conveyance to the appellant the appellee was in adverse possession, and that for this reason the deed to the appellant was void as to the appellee. The doctrine of adverse possession as avoiding the deed of the true owner, made while out of possession, though recognized, has not been, of late years, highly favored by the courts. It is now done away with in this State. Section 1073, R. S. 1881. But as the appellant's action was com-menced before this enactment, the law, as it formerly existed, governs the case. We think the law upon this subject was cor-rectly stated in *Moore* v. *Worley*, 24 Ind. 81, where it was said : "To constitute a *possession adverse*, so as to bar a recovery, or to *avoid a deed* subsequently executed by the true owner, a party setting up the possession must, in making his entry

upon the land, act *bona fide.* He must rely on his title; he must believe the land to be his, and that he has title thereto, although his title may not be rightful or valid."

The evidence justifies the inference that the appellee could not have relied upon his title, nor believed the land to be his. There was no evidence in the case giving reasonable ground for such belief. It does not appear but that he was acquainted with all the facts in the case, and all the facts show that he had no title. Judging from the instructions of the court the question of adverse possession was not considered in the court below. The case seems to have been submitted to the jury solely upon the questions of fraud and the sufficiency of the description of the land in the deeds under which the appellant claimed title. Upon these questions the verdict was unsupported by any evidence, and we do not think that the appellant's title should be declared against upon the meagre and unsatisfactory testimony that comes to us in the record respecting the question of adverse possession.

The appellant's motion for a new trial should have been sustained.

Judgment reversed at appellee's costs, with instruction to the court to sustain the appellant's motion for a new trial and for further proceedings.

Filed Jan. 31, 1884.