No. 10,722.

ANDREWS v. FLANAGAN ET UX.

FRAUDULENT CONVEYANCE.—*Evidence.*—To authorize the setting aside of a conveyance as fraudulent, the evidence must show that the grantor, at the time of its execution, did not have enough other property subject to execution to pay his debts, and that the conveyance was either without consideration, or that the grantee accepted it with knowledge of the grantor's fraudulent purpose.

From the Cass Circuit Court.

*W. A. Kearney,* for appellant.
*D. D. Dykeman* and *M. Winfield,* for appellees.

HAMMOND, J.—This was an action by the appellant to recover upon a judgment previously obtained by him against the appellee George W. Flanagan and to subject to its payment certain real estate alleged to have been fraudulently conveyed. The case was put at issue and tried by a jury who returned a verdict for the appellee Eliza A. Flanagan, and for the appellant for the amount of his judgment as against said George W. Flanagan. Over the appellant's motion for a new trial, judgment was rendered upon the verdict.

The only question made in the appellant's brief is as to the sufficiency of the evidence to sustain the verdict as to the appellee Eliza A.

It was shown in evidence that during the pendency of the action in which the judgment declared upon was recovered, the appellee George W. conveyed the real estate in controversy, through a trustee, to his wife, the appellee Eliza A. The transaction is not wholly without suspicion, but we are

unable to say that the evidence of fraud was sufficient to authorize the jury to declare the conveyance void.

To authorize the setting aside of a conveyance as fraudulent, the evidence must show that the grantor, at the time of making it, did not have enough other property subject to execution to pay his debts, and that the conveyance was either without consideration, or that the grantee accepted it with knowledge of the grantor's fraudulent purpose. *Pennington* v. *Flock*, 93 Ind. 378. The proof in this case, upon the points above suggested, was unsatisfactory. Fraud is not presumed, but must be proved by the party alleging its existence. It was not so clearly proved in the case before us as to authorize a reversal of the judgment.

Affirmed, at appellant's costs.

Filed April 2, 1884.