L. R. Bolter v. C. W. Girton and M. E. Girton, Intervener, Appellants.

Verdict upheld that a husband instead of his wife owned a sale note.

*Appeal from Harrison District Court.*—Hon. A. Van Wagenen, Judge.

Tuesday, January 29, 1895.

This is a proceeding by which the plaintiff seeks by garnishment to subject a certain promissory note in the possession of Stern & Milliman to the payment of a judgment against the defendant, C. W. Girton. M. E. Girton intervened in the action, claiming to be the owner of the note. There was a trial before the court without a jury, and a judgment for the plaintiff. M. E. Girton appeals.— *Affirmed.*

*John A. Berry* for appellants.

*S. I. King* for appellee.

Rothrock, J.—C. W. Girton and M. E. Girton are husband and wife. The plaintiff recovered a judgment against C. W. Girton, the husband, in the year 1881. The judgment was for the sum of seventy dollars and costs. M. E. Girton, the wife of the judgment defendant, is the owner of a farm of three hundred acres. In December, 1892, there was a public sale of personal property on the

farm. The sale was conducted by Stern & Milliman. One of the firm was crier at the sale, and the other clerked and took the sale notes. The note in question was made payable to C. W. Girton and M. E. Girton. C. W. Girton transacted the business with Stern & Milliman, and the sale notices were printed in his name. He carried the copy to the printer, and took the bills away. It appeared from the bills that C.W. Girton was the person who was making the sale. The Girtons, husband and wife, testified as witnesses that the husband had no interest in the property which was sold. If this was true, there should have been a judgment for Mrs. Girton. If she was the owner of the farm and the property which was sold, the proceeds of the sale are not liable for the husband's debts. *Russell v. Long*, 52 Iowa, 250, 3 N. W. Rep. 75; *Carn v. Royer*, 55 Iowa, 650, 8 N. W. Rep. 629. But we cannot disturb the judgment of the District Court if there is such a conflict in the evidence as would support the verdict of a jury. The fact that the husband advertised the property for sale as his own, and that no correction thereof was made, and that the sale was had under that notice, and no direction was given as to the name in which the sale notes should be taken, surely authorized the District Court in discarding the testimony of the husband. It is conceded that the wife holds the title to the farm, and she testified that the personal property belonged to her, and that she did not see the sale bills, and supposed that her husband, whom, she claims, was her mere agent, was selling it as her property. But her testimony as to the original transaction by which she acquired title to the land is very indefinite, and it is not satisfactory in other respects; so that, considering the whole record, we are not prepared to say that the court erred in rendering judgment for the plaintiff. As has been stated, the note was made payable to M. E. Girton and C. W. Girton. The court gave the plaintiff judgment for one-half of the note. This amount is sufficient to pay the plaintiff's judgment, and we think that, under all the facts and circumstances, the intervener is not in a situation to complain. The one-half of the proceeds of the note was awarded to her, and, in our opinion, she should be content with the result.—*Affirmed.*