DEERE, WELLS & Co., Appellants, v. BONNE & WEST, D. K. BONNE, E. S. WEST, and J. C. BONNE.

**Husband and Wife:** LIABILITY FOR DEBT: *Separate estate.* A wife's separate property is not liable for her husband's debts, even though part of it has been acccumla ed on account of the skill and time gratuitously given by the husband to its management.

*Appeal from Shelby District Court.*—HON. WALTER I. SMITH, Judge.

WEDNESDAY, MAY 10, 1899.

ACTION in equity to subject property in the name of the wife to the payment of a judgment against her husband. Relief prayed was denied, and the plaintiff appeals.—*Affirmed.*

*Thos. H. Smith* for appellant.

*G. W. Cullison* for appellees.

LADD, J.—The stock in trade and building of J. C. Bonne were destroyed by fire August 20, 1892, and on the following day he assigned his other property not exempt from execution, together with claims under policies of insurance, to George H. Rink, for the benefit of all his creditors. Thereupon the good people of Shelby and vicinity raised, by voluntary contribution, about eight hundred dollars, and presented it to his wife, D. K. Bonne. With this she constructed another building, purchased goods, and engaged in business similar to that previously conducted by her husband. If the agent of the plaintiff arranged with him to

ship goods in the name of an employe or herself, to avoid creditors, she was not aware of it, and in fact paid the bills. In February, 1893, she formed a partnership with E. S. West, which has continued since, and the firm of Bonne & West has assets valued at over three thousand dollars. During all this time J. C. Bonne managed her interest in the business, and gave it his entire time and attention, without any agreement whatever with reference to his compensation. True, his answers on this point, in the proceedings auxiliary to execution, were somewhat equivocal. But these, when considered in connection with the answers of his wife, leave no doubt of the conclusion stated. Nor do we think the evidence justifies the conclusion that conducting the business in her name was a mere scheme to hinder and delay or defraud his creditors. The fact that he was doing business for and in his wife's name does not, alone, warrant such an inference. After the final distribution of the moneys by the assignee, derived from his estate, he was still indebted several thousand dollars, and it is evident that, without means, he was not in a situation to engage in business again. The money donated belonged to the wife, and we know of no reason why she might not re-establish the business of her husband, destroyed by fire, and prosecute it with her own means and credit. Code, section 3164. *Spafford v. Warren,* 47 Iowa, 47. That she did so, with the aid of her husband, and both so intended, this record leaves not the slightest doubt. The labor and sagacity of the husband undoubtedly contributed largely to the accumulation of the property, but these he voluntarily gave, with no agreement for recompense. In *Robb v. Brewer,* 60 Iowa, 540, the court said: "The use by the husband of his personal earnings in payment for property purchased by his wife amounts, in legal contemplation, to a gift of such property to his wife. As the earnings were exempt from execution at the time they were employed in the acquisition of the property in controversy, a voluntary gift of such earnings was no fraud upon the husband's cred-

itors. The earnings being exempt from execution, her husband had a right to employ them as he pleased." *Carse v. Reticker,* 95 Iowa, 25; *Nash v. Stevens,* 96 Iowa, 616. That neither the husband nor his creditors can lay any claim to the improvements of the wife's land or its products, though made or produced, in whole or in part, by his labor, is well settled. *Carn v. Royer,* 55 Iowa, 651; *Webster v. Hildreth,* 33 Vt. 457; *Burleigh v. Coffin,* 22 N. H. 118; *Feller v. Alden,* 23 Wis. 301; *Rush v. Vought,* 55 Pa. St. 437. In *Feller v. Alden, supra,* an apportionment is suggested, but held not to be involved, as the action was at law. In *Glidden v. Taylor,* 16 Ohio St. 509, the husband took the wife's property, and controlled it absolutely, merely telling her that he would "support the family, spend what money he desired, and invest the residue for her benefit;" and all save her investment, with interest, was subjected to the payment of his debts. In *Hoag v. Martin,* 80 Iowa, 718, the husband, in feeble health, and unable to do farm work, did all the business for the wife, and thereby aided in the accumulation of the property; and the court said: "In view of these facts, it was but natural, and in the ordinary course of experience, that he should attend to the business affairs of his wife; and the fact that his labor in this respect aided in the accumulation of the property, if voluntarily done, would not devest her of title, or give him a specific interest therein." In *Russell v. Long,* 52 Iowa, 250, the cows of the wife were cared for by the husband, and kept on a farm rented by him; and the court, speaking through Rothrock, J., said: "But it is contended that the increase of the property belongs to the husband, because he was the party by whose labor, skill, and care such increase was produced. If it had been shown that the husband hired the cows of the plaintiff for a given period, and that during such period the increase was produced, there might be force in the suggestion. But the record shows that the husband voluntarily expended his labor, and the products thereof, in

the care and keeping of his wife's property; and it does not appear that there was any agreement for compensation, either in the increase of the property or otherwise. We think the property was not liable for the payment of the husband's debts." Whatever the obligation of the husband to work for the benefit of his creditors, there is no rule in law or equity preventing him from voluntarily and gratuitously devoting his labor and skill to the business of his wife. *Webster v. Hildreth, supra.* There is no magic in the husband's touch by which he may acquire an interest in her separate property by his mere supervision of labor. If entitled to anything, it must be compensation owing to an express agreement, as there is no implied obligation on the part of the wife to pay her husband for services rendered. *Lewis v. Johns,* 24 Cal. 98. *Penn v. Whitehead,* 17 Grat. 503 (94 Am. Dec. 478), is not in point, as that was a contest between creditors, in which the rights of the wife were not involved. We conclude that, as the wife engaged in the business of the firm of which she is a member in good faith, and the husband voluntarily gave his services, he acquired no interest in the firm property which may be subjected to the payment of his individual debts.—AFFIRMED.