W. J. SHIRCLIFFE, Appellee, v. E. R. CASEBEER, H. E. CASEBEER, AND CEDAR RAPIDS GUN STOCK MANUFAC· TURING COMPANY, Appellants.

**Creditors' Suit:** INSOLVENCY: CONDUCT OF WIFE'S BUSINESS. An insolvent debtor may devote his time, energy and skill in building up a business belonging to the wife, and the property thus accumulated is hers and not subject to the payment of his debts.

**Limitation of Actions.** The statute of limitations will commence to run against the interest of an insolvent debtor, in property accumulated by his labor in building up a business apparently belonging to his wife, at the time the business was established and its fraudulent character might have been tested.

*Appeal from Linn District Court.*—HON. WM. G. THOMP-SON, Judge.

SATURDAY, FEBRUARY 6, 1904.

THE opinion states the case.

*Heins & Heins* for appellants.

No appearance for appellees.

WEAVER, J.—This is a suit in equity in the nature of a creditors' bill. The plaintiff is the owner of a judgment rendered in his favor against defendant E. R. Casebeer, upon which execution has been returned unsatisfied. He alleges that the said E. R. Casebeer and his wife, the defendant H. E. Casebeer, have entered into a conspiracy to hinder and delay the plaintiff in the collection of the said judgment, and to that end have arranged that the husband should carry on business in the name of the wife. That in furtherance of said fraudulent scheme the wife has given her said husband a power of attorney, ostensibly authorizing him to carry on business for her and in her behalf, but as a matter of fact the business is the business of the husband, and all his acts in conducting the same are done in his own interest and for his

own benefit, devoting thereto all his time, talents and labor for the accumulation of property in the wife's name, for the purpose of placing it beyond the reach of his creditors, and that in this manner he has in fact accumulated property to the value of $10,000. It is further alleged that the husband, having thus accumulated property, organized a corporation styled "The Cedar Rapids Gunstock Manufacturing Company," at the city of Cedar Rapids, Iowa, with an authorized capital stock of $30,000 in preferred shares, and $40,000 in common shares; and, in further pursuance of said fraudulent plan, $40,000 of said capital stock was issued to and is now held by the wife, while but a single share was issued to the husband. It is further alleged that all said stock is the property of the defendant E. R. Casebeer, and is held by the wife in trust for his use. The defendants by separate answers deny all the allegations of conspiracy and fraud, and deny that any of the property held in the name of the wife belongs to the husband, or is in any manner liable to be subjected to the payment of the husband's debts. They also allege that all these questions have been adjudicated against the plaintiff in garnishment proceedings under the plaintiff's judgment. They also plead the statute of limitations. There was a decree for the plaintiff, and the defendants appeal.

I. The evidence, which is practically without contradiction, tends to show that as early as the year 1892 the defendant E. R. Casebeer became insolvent, and was wholly without property applicable to the payment of his debts. That in this condition with judgment creditors likely to seize any property he might accumulate, he entered into an arrangement with his wife and one Coutts by which Coutts undertook to advance money to the wife, which should be added to a small sum she then had in her own right, and used to carry on a business which should be managed by her husband as her agent or attorney. On this foundation a business of considerable magnitude was built up, and later merged in the corporation already referred to. Everything in the record sustains the defendants' contention that the

1. INSOLVENCY: conduct of business.

business has always been considered and is in fact the wife's business, and that the property now held in her name represents an accumulation which has been made from the investment and use of the money belonging to or borrowed by his wife, aided, of course, by the labor and management of the insolvent husband. Does the fact that defendant has put his services, or, to use the language of the petition, his "time, talents and labor, * * * his enterprise, efforts, and skill," in the business, producing this result, make the property liable for the payment of his debts? We think not. It is clearly shown by the express agreement between the husband and wife, as well as between them and Coutts, that the business should be her own. His salary as president of the corporation is devoted to the support of his family, and, so far as his services are productive of profit over and above his salary, it accrues to the benefit of his wife, for whom he is willing to labor. It may be conceded, as a proposition of morals, that under ordinary circumstances a debtor is in duty bound to devote his labor to the satisfaction of the just demands of creditors, but there is no law which can compel such an action on his part. The right to control one's own labor is too intimately associated with the liberty guaranteed by our free institutions to permit of any interference therewith to enforce collection of debt. So far as his creditor is concerned, the debtor need not labor at all; he may give his labor to strangers without compensation; he may receive a liberal salary, and under our statute of exemptions may expend or give it as he pleases within the ninety days' limit. Nay, more, he may do all this with the express purpose not to accumulate anything which will be subject to seizure at the suit of his creditors, and yet there is no fraud in law or in fact, for he has neither withheld, concealed, nor disposed of anything on which they have any claim at law or in equity. The most that can be said is that he has intentionally refrained from accumulating property to avoid payment of his debts. In *Webster v. Hildreth,* 33 Vt. 457 (78 Am. Dec. 632), it is said "equity has no jur-

isdiction to compel men to work for their creditors who may perversely prefer to work for their wives and children and leave honest debts unpaid"—a sentiment quoted approvingly by this court in *Corning v. Fowler,* 24 Iowa, 587. See, also, *Robb v. Brewer,* 60 Iowa, 539; *Jamison v. Weaver,* 87 Iowa, 79; *Hoag v. Martin,* 80 Iowa, 714; *Deere v. Bonne,* 108 Iowa, 281; *Carse v. Reticker,* 95 Iowa, 25, and *McCormick Harvesting Mach. Co. v. Pouder,* (Iowa), 98 N. W. Rep. 303. This is not to be construed as in any sense an abandonment of or departure from the well-established rule that business transactions between an insolvent husband and his wife will be closely scrutinized when questioned by his creditors, and, if it be found that the wife holds the title to property as a mere trustee for the use of the husband, or as a mere device by which property secretly owned by the husband may be placed beyond the reach of process at the suit of his creditors, equity will decree its subjection to their claims. The record before us does not disclose such a state of facts, and upon plaintiff's own showing we think the bill should have been dismissed.

II. We are furthermore of the opinion that plaintiff's cause of action is barred by the statute of limitations. The judgment against E. R. Casebeer was rendered in 1892. The

2. LIMITATION of actions. independent business in the name of the wife was inaugurated very soon thereafter. The advancement of money by Coutts was begun in the year 1893, and from that time the business was built up and conducted under the wife's apparent proprietorship. This suit was not begun until March 3, 1901. It is clear that at said date more than five years had elapsed in which plaintiff's action could have been brought, and the alleged fraudulent character of the business arrangement between the husband and wife put to the test of judicial inquiry. *Humphreys v. Mattoon,* 43 Iowa, 556; *Nash v. Stevens,* 96 Iowa, 616.

It follows, from the views we have expressed, that the decree of the district court must be reversed, and the plaintiff's bill ordered dismissed.—REVERSED.