MARY E. DUNCAN *vs.* F. X. KOHLER.

October 28, 1887.

| 37 | 379 |
| 39 | 489 |
| 40 | 411 |
| 37 | 379 |
| 49 | 442 |
| 37 | 379 |
| 64 | 255 |
| 37 | 379 |
| 67 | 189 |

Appeal — Harmless Error — Rejection of Evidence.—The rejection of competent evidence is no ground for reversal, where it is apparent that, if admitted, it could not possibly have affected the result.

Practice in Supreme Court—Assignment of Error.—Rule 9, requiring the appellant to make an assignment of errors, commented upon and explained.

Appeal by defendant from an order of the district court for McLeod county, *Edson*, J., presiding, refusing a new trial, after a verdict for plaintiff.

*R. H. McClelland*, for appellant.

*A. P. Fitch*, for respondent.

MITCHELL, J. This action was brought to recover from defendant damages for entering the premises of plaintiff, and taking, carrying away, and converting a quantity of wheat, the property of plaintiff. The answer denies that the wheat belonged to plaintiff, alleges that it was the property of her husband, and justifies the taking by defendant, as sheriff, under an execution against him.

Upon the trial the court excluded certain evidence offered by defendant, tending to show that the husband worked on the farm on which the wheat was raised, and hired men to do so, and gave them directions as to their work. This seems to have been excluded as incompetent and inadmissible under the pleadings. In this we think the court was in error; for, while the land belonged to the wife, the crops might belong to the husband, if he was cultivating the farm for himself under some arrangement or understanding to that effect with his wife; and if such was the fact, proof of it was clearly admissible under the allegations of the answer; and the evidence excluded, if accompanied and strengthened by other evidence, might have a legitimate tendency to prove that the crops belonged to the husband. But the trouble with appellant's case is that, if all the evidence offered had been admitted, and favorable answers received

to all the questions excluded, there would still have been no sufficient evidence to establish his defence. The fact that the land belonged to the wife was admitted, and no attempt made to attack the *bona fides* of her title. She was living on the land with her husband. The crops were therefore presumably hers, and the burden was on appellant to prove that the husband was farming the land on his own account, and that the crops were his. As already suggested, all the evidence excluded, together with that admitted, would have been entirely insufficient to establish that fact, or to sustain a verdict for appellant. The error of the court was therefore error without prejudice, and consequently no ground for reversal.

The order appealed from might also have been affirmed for want of an assignment of errors, as required by rule 9 of this court. It appears that counsel may have been under an honest misapprehension as to the meaning of that rule, and for that reason we have not disposed of the case on that ground. But, in view of the large number of cases at the present term in which counsel seem to have either overlooked or misunderstood this rule, we deem it proper to take this occasion to call the attention of the bar to it. We had found that the "brief" or "points and authorities" of appellants, required by the rules, were very frequently extended into an elaborate argument, in which the discussion of the various points intended to be made were so run together and mixed up that it required a careful examination of the entire brief, and often of a voluminous record, in order to ascertain just what errors were intended to be urged. And even after such research, it was sometimes impossible to determine positively what errors were relied on. In view of this state of facts, and in order to facilitate the presentation of cases by counsel and their consideration by the court, at the close of the October term, 1885, we amended rule 9 so as to require the party removing a cause to this court to prefix to his brief, but stated *separately*, an assignment of errors asserted and intended to be urged. Each assignment of error was required to be separately, distinctly, and concisely stated and consecutively numbered. Such a rule was nothing new, for the supreme court of the United States, and those of many, if not a majority, of the states, have long had similar rules, some of them much

more strict and exacting. Such a rule is eminently convenient and useful both to the bar and the court. It enables opposing counsel to readily and certainly ascertain just what points he has to meet in the preparation of his brief, and the court to see just what points it is to consider, and to confine discussion to them. This amendment to the rule was immediately published in the newspapers, and soon afterwards in volume 33 of our Reports. Hence the bar of the state have had ample time to become familiar with its requirements.

For several terms the rule was quite generally complied with; but at the present term it seems to have been quite frequently forgotten or misunderstood. We need not say that the bar is as much interested as the court in its reasonable enforcement. To avoid misapprehension hereafter we call attention to two mistakes in regard to its meaning that seem sometimes to have been fallen into. The first is that where (as is sometimes the case where a case is submitted without oral argument) "points and authorities" and an argument *in extenso* are filed separately, the former answers for an assignment of errors under the rule. If this were so, the amendment to the rule would be meaningless, and matters would be precisely where they were before; for points and authorities were required by the rules as they formerly stood. A moment's examination of the rule will show that the terms "brief" and "points and authorities" are used as synonymous, which they in fact are, (as the term "brief" is used in this country,) both being a condensed statement of the propositions of law which the counsel desire to establish, and indicating the reasons and authorities which sustain them. The rule requires the assignment of errors to be stated *separately* from the brief, and argument and citations of authorities have no proper place in such assignment.

In some instances, counsel seem to have supposed that the rule only applies to cases where there are numerous errors, alleged to have occurred on the trial of an issue of fact, and not to cases where, from the nature of the decision appealed from, there could really be but a single error assigned. It is true that it was mainly the first class of cases which rendered such a rule necessary, and that, in the latter class of cases, a formal assignment of errors would often be of little use. But as it was impracticable to specify in the rule certain

cases in which there should be an assignment of errors and others in which it would not be required, the rule was made general, and is applicable to all cases alike. It is impossible to lay down any more definite rule as to what will constitute a sufficient assignment of errors than what is contained in the rule itself, except to say that an assignment so general and indefinite as not to indicate the specific error asserted would be a mere evasion of the rule; while, on the other hand, the practice of multiplying assignments by a repetition and unnecessary subdivision, is a perversion of the rule, which defeats the very purposes for which it was adopted.

Order affirmed.