CATHARINA HEARTZ *vs.* PETER KLINKHAMMER and others.

December 10, 1888.

**Husband and Wife Occupying Wife's Farm—Title to Crops.**—Where a married woman owns and occupies a farm, the mere fact that her husband lives with her on the farm, and assists in its cultivation and management, will not warrant an inference that the ownership of the crops vested in him.

**Pleading—Evidence.**—Sundry elementary questions of pleading and evidence considered.

Plaintiff brought this action in the district court for Scott county to recover for the taking and conversion by defendants of a quantity of wheat and oats. The defence was that the grain taken belonged to defendant Theodore Heartz, the plaintiff's husband, and that the other defendants acted under his directions. At the trial, before *Edson*, J., the plaintiff had a verdict. The defendants appeal from an order refusing a new trial.

*R. A. & F. C. Irwin* and *Peck & Brown,* for appellants.

*Frank N. Hagar,* for respondent.

MITCHELL, J. There are no questions in this case that require any extended discussion. The defendants were sued for damages for wilful trespass in unlawfully entering upon plaintiff's premises and carrying away a quantity of her grain. The defendants, who answered jointly, admit the acts constituting the alleged trespass, but justify on the ground that the grain was the property, not of plaintiff, but of her husband, Theodore Heartz, and that they took it by his authority. Hence, under the pleadings, the only issue, aside from the amount of damages, was the ownership of the property. On this issue there was no material conflict of evidence, and we think the court would have been justified in instructing the jury, as a matter of law, that it belonged to plaintiff. It is undisputed that part of the grain was raised on land which had belonged to her deceased husband, and which she continued to occupy as his widow after his decease, whether under the will, or under the statute as a homestead,

is immaterial for the purpose of this case. Her present husband, Heartz, admitted that he had no lease or contract with her about the farm; that he simply went on to it as her husband; and that he claimed the crops belonged to him because he was "her man," or husband. There is no evidence that would have justified the conclusion that plaintiff had ever made any agreement or arrangement with him to cultivate the farm on his own account. All that the evidence tends to show, is that he lived with her on the farm, and assisted, more or less, in its cultivation and management, and, perhaps, at times advanced small amounts of his own money to help pay running expenses. No legal consequence of vesting the ownership of the product in the husband can properly be deduced solely from these facts. *Hossfeldt* v. *Dill*, 28 Minn. 469, (10 N. W. Rep. 781;) *Duncan* v. *Kohler*, 37 Minn. 379, (34 N. W. Rep. 594.) The evidence was equally conclusive as to the ownership of the grain grown on the leased land. The lease ran to her, and the land was cultivated precisely as the homestead, and Heartz's relations to it were precisely the same. The lease was properly admitted in evidence, as bearing upon the question of the ownership of the crops raised during the term.

The evidence is equally conclusive, not only that the defendants knew before they took the grain that plaintiff claimed it, but that she expressly forbade them, and even attempted to prevent them, from taking it. Not only this, but, when she had her husband arrested on the 24th for taking the grain removed on that day, some of the defendants were present at the trial where her rights to the property were fully discussed, and yet they persisted in again returning on the 26th, with Heartz, and removing the balance. The fact that defendants were present at the trial was competent evidence upon the question of their notice of plaintiff's rights, and consequently whether their acts were wilful. The court was certainly justifiable in instructing the jury that they might award exemplary damages if they found that the defendants took the property knowing that it belonged to the plaintiff.

The defendants were sued as joint tort-feasors. They answered jointly, justifying the act as a joint one, and the evidence shows it was such. They all acted in concert, for a common purpose, going

onto the premises together, each with his team, for the purpose of removing this grain. Under such a state of facts, the proposition that each was only liable for the grain which he physically removed in his own vehicle has no support, either in law or reason. As joint trespassers are each severally liable, the fact that some of them were not made parties was wholly immaterial. The court, therefore, properly refused to instruct the jury to find for defendants.

The receipts "C" to "K" inclusive, purporting to have been given by third parties to Heartz, were clearly inadmissible, both because of immateriality and incompetency. The fact that Heartz, after he had wrongfully taken and converted this grain, volunteered to use part of the proceeds in paying debts connected with running the farm, would be no defence to this action; and, even if it would, these receipts were, as against the plaintiff, mere hearsay. *Ferris* v. *Boxell*, 34 Minn. 262, (25 N. W. Rep. 592.)

Order affirmed.