MARY E. HONEYWELL v. G. J. NORBY, Sheriff.[1]

May 24. 1895.

Nos. 9417—(139).

**Ownership of Crop—Lease in Name of Wife.**

> Action by a wife to recover grain grown on land on which the lease was in her name, but which had been seized on execution against her husband. There was evidence which would have justified the jury in finding that the husband was the real, and the wife only the nominal, lessee, and that he cultivated the land and raised the crop for his own benefit. *Held,* that the fact that the lease was in the wife's name was not conclusive that the crop belonged to her, but that the question of the ownership of the crop should have been submitted to the jury.

Appeal by defendant from an order of the district court for Becker county, Searle, J., denying a motion for a new trial. Reversed.

*B. F. Wright* and *Coppernoll & Willson,* for appellant.

*F. A. Vanderpoel* and *C. M. Johnston,* for respondent.

MITCHELL, J. This was an action to recover possession of a quantity of grain of which plaintiff claimed to be the owner. The defense interposed was that the grain belonged, not to plaintiff, but to her husband, and that the defendant, as sheriff, had levied upon it under an execution issued against him.

It appeared that the grain was raised on land of which the plaintiff had a lease, but there was evidence which would have justified the jury in finding that the husband, and not the wife, was the real lessee, and that he cultivated the land and raised the crops for his own benefit, and that the lease was taken in the wife's name merely to shield the crops from his creditors. The trial court directed a verdict for the plaintiff, apparently upon the theory that the fact that the lease was in the wife's name was conclusive that the crops were hers.

It seems to us that both the court and counsel for plaintiff have been led into error by a misapplication of certain familiar

[1] Reported in 63 N. W. 488.

rules. The ruling of the court would have been correct if it had conclusively appeared that the wife raised these crops as her own, and for her own benefit, although upon land conveyed to her by her husband in fraud of his creditors, or upon land conveyed to her by a third person, but which was impressed with a resulting trust in favor of his creditors by reason of his having paid the consideration for the grant. But the rules applicable to such cases have no application to the facts which the evidence tended to prove in this case. The sole issue was who owned this crop. Land may belong to one person, and the crops raised on it to another. If the plaintiff had been the bona fide owner in fee of this land, but had permitted her husband to cultivate it for his own benefit, unquestionably the crops raised on it would have been his property, and not hers. So, in this case, notwithstanding the plaintiff held the lease of the land, yet, if she permitted her husband to have the beneficial use of it, and to crop it for himself, the crop would be his property, and liable for his debts. Whether the lease to the wife was colorable or not would be material only in so far as it tended to show whether the husband managed and cultivated the farm for himself or as agent of the wife, and upon that question it would be very important. That question the court should have submitted to the jury. As a new trial must be had for the reason already given, it is unnecessary to consider the errors assigned as to the exclusion of evidence, except to say that in cases of this kind quite a wide latitude should be allowed in the admission of evidence bearing upon the real nature of the transaction.

Order reversed.