ISAAC HAZLETT v. L. W. BABCOCK and Another.[1]

April 27, 1896.

Nos. 9670—(13).

**Ownership of Crop—Husband Cultivating Wife's Land.**
*Held* that, under the evidence, it was a question for the jury whether the husband was cultivating his wife's land for her benefit, or on his own account, under an agreement or understanding between them to that effect.

**Chattel Mortgage—Presumption of Fraud.**
The presumption, arising from the continued possession of the mortgagor, that a chattel mortgage was not executed in good faith (G. S. 1894, § 4129), obtains only in favor of creditors and purchasers of the mortgagor.

Appeal by plaintiff from an order of the district court for Wadena county, Holland, J., denying a motion for a new trial. Reversed.

[1] Reported in 66 N. W. 971.

*Coppernoll & Willson*, for appellant.

*A. G. Broker*, for respondents.

MITCHELL, J. Action of replevin, the plaintiff claiming the property under a chattel mortgage executed by one Oscar Pelton, and the defendants claiming it under a levy on execution upon a judgment against Barbara E. Pelton, the wife of Oscar Pelton, plaintiff's mortgagor.

The only issue in the case was whether the property originally belonged to Oscar Pelton, or to Barbara, his wife. It consisted of grain raised on land owned by the wife; but, of course, the land might belong to the one, and the crops to the other. When the plaintiff rested, the court directed a verdict for the defendants. This was error. From the evidence admitted, it appeared that the husband, with the knowledge and consent of his wife, had for years farmed the land, furnished the seed and labor, mortgaged or sold the crops, and used the proceeds as his own. The particular crop in controversy was raised by one Wiltsie, under a contract for working the land on shares, made with the husband in his own name, and in his own right, by the terms of which he was to do the plowing, and to have one-half the crop. The wife herself testified that she did not own any part of the crop, but that the half due from the cropper belonged to her husband. Upon this state of the evidence, it was at least a question for the jury whether the husband was cultivating the land for his wife, or for himself, under an agreement, express or implied, to that effect, between him and his wife. The fact that there was no express lease of the land, or no agreement for the payment of rent by the former to the latter, was not conclusive upon the question of the ownership of the crops. A wife may, if she chooses, give her husband the use of her land for his own benefit, and, if she does, the crops raised on the land will be his, and not hers. The evidence tending to show that the husband was cultivating the farm on his own account, under an agreement or arrangement to that effect with his wife, was much stronger than that offered in Duncan v. Kohler, 37 Minn. 379, 34 N. W. 594, or Heartz v. Klinkhammer, 39 Minn. 488, 40 N. W. 826, cited and relied on by the defendants. The court also erred in excluding much of the evidence offered by the plaintiff.

While not, of itself, sufficient to prove that the husband was cultivating the farm on his own account, most of it was competent, as tending to corroborate other and more direct evidence of that fact.

There is nothing in the point that the plaintiff failed to prove that his mortgage was executed in good faith, and not for the "purpose of defrauding any creditor." G. S. 1894, § 4129. The statute cited has no application to the case. The presumption, arising from the continued possession of the mortgagor, that the mortgage was not executed in good faith, obtains only in favor of the creditors and purchasers of the mortgagor; and those thus claiming under him are the only persons who can raise the question. In this case the defendants are not claiming under the title of the husband, but in hostility to it.

Order reversed, and new trial granted.