LINNIE FOREMAN, Appellant, v. CITIZENS STATE BANK OF
EARLHAM, IOWA.

**Husband and wife:** SEPARATE OWNERSHIP: BURDEN OF PROOF. The
1  wife owning and occupying a homestead is presumed to own
the crops growing thereon, and is presumptively at least in
possession of crops stored thereon though grown elsewhere,
and one seeking to subject the same to the husband's debt
has the burden of proving his ownership.

**Fraudulent conveyances.** The sale and transfer of exempt proper-
2  ty by a debtor is not a fraud upon his creditors.

**Same.** The transfer by a husband to the wife of non-exempt prop-
3  erty of trifling value will not be disturbed at the suit of his
creditors.

*Appeal from Madison District Court.*— Hon. J. H. Apple-
gate, Judge.

MONDAY, OCTOBER 23, 1905.

ACTION in equity to recover the value of personal prop-
erty sold to satisfy an execution against the plaintiff's hus-
band. There was a judgment for the defendant, and the
plaintiff appeals.— *Reversed.*

*John A. Guiher,* for appellant.

*James J. Crossley,* and *Emory Nicholson,* for appellee.

SHERWIN, C. J.— The plaintiff is the wife of Charles
Foreman, against whom the defendant obtained a judgment
in December, 1901. Preceding the judgment an attachment
was levied on real estate belonging to him, which was after-
wards conveyed by him to the plaintiff, subject to the lien
of the defendant and other incumbrances; but the deed was
not recorded until 1903. At the time of the levy on the
land, the defendant also attached all of the personal prop-
erty belonging to the husband. Prior levies had been made
thereon, however, by other creditors, and in October, 1901,
as much thereof as was subject to execution was sold to
satisfy the other demands. In the meantime, the plaintiff's
husband had left those parts, and at the time of the sale
she claimed and was given the exempt animals, among which
were two of the cattle in controversy in this suit. She also
kept a calf, which had not been levied upon by any one
because of its insignificant value, and that is the only other
animal involved herein.

At the time of the transfer of the real and personal
property to the plaintiff, her husband was indebted to her
for a large amount; and there is no evidence in the record
tending to show that such transfers were for the purpose of

defrauding his creditors. In fact, at the time they were made, all of the property was covered by attachments and other incumbrances, which subsequently exhausted it. The defendant's judgment was made a lien on 120 acres of land, subject to the homestead right, and the court found that all personal property attached had been exhausted under prior levies. The plaintiff selected a homestead from the land conveyed to her, and the remaining land was sold to satisfy other judgments. Her husband returned in the spring of 1902. Crops were raised on the homestead and other land, and were harvested and stored on the homestead 40, where she and her husband lived. In November, 1902, the defendant caused an execution to be levied thereon, and on the three head of cattle heretofore mentioned, as the property of her husband, and the property was sold thereunder, the defendant's judgment was satisfied, and a small balance was applied by the officer on another execution against the husband. The husband worked on the land in 1902, assisting in the raising and harvesting of the crops that were levied on; but there is no evidence as to whether he was doing the work for himself or for his wife, except the testimony of a witness that the husband told him during the time that he had "turned it all over to his wife," and further testimony showing that she had paid for work on the farm during that season. The trial court held that the transfer of the land to the plaintiff could not be questioned, and, further, that because the husband had worked on the farm, or had apparently "carried it on," the burden of proof was on the plaintiff to show that the crops in question were hers.

We think the burden was placed on the wrong party. In the absence of a showing to the contrary, the owner of 1. HUSBAND AND land is entitled to its use, and when another WIFE: separate claims the right to the use thereof under an ownership: burden of agreement the burden is upon him to show such proof. right. Otherwise a mere trespasser could cast the burden of

proof on the owner and title holder, and thus secure an advantage, because of his wrongful act; and this the law will not tolerate. The relation of husband and wife cannot operate to change this rule. We have repeatedly held that the husband may render services in the management of his wife's property without rendering such property subject to the claims of his creditors. *Machine Co. v. Pouder,* 123 Iowa, 17; *King v. Wells,* 106 Iowa, 649; *Russell v. Long,* 52 Iowa, 250; *Shircliffe v. Casebeer,* 122 Iowa, 618. Here the plaintiff held an unimpeachable title to the land. She lived on it, and the property, when levied on, was stored on the land which she had selected as a homestead and on the particular 40-acre tract on which she lived. It was at least presumptively in her possession at that time by virtue of her title and her property rights under the statute, and it seems to us clear that the burden of proving that it was in fact the husband's property was on the defendant. *Gage v. Dauchy,* 34 N. Y. 293; *Heartz. v. Klinkhammer et al.,* 39 Minn., 488, 40 N. W. Rep. 826; *Duncan v. Kohler,* 37 Minn., 379, 34 N. W. Rep. 594. In *Wells v. Batts,* 112 N. C. 283, 17 S. E. Rep. 417, 34 Am. St. Rep. 506, it is said: "All of the authorities sustain the principle that the evidence of a surrender of the rights of the wife to the husband during the joint occupancy must be positive and unequivocal." And this we believe to be the true rule governing the instant case. We have examined the authorities relied on by the appellee, and find nothing therein contrary to this conclusion.

Two of the cattle sold, as we have seen, were set apart to the plaintiff as exempt. It is not claimed that they were not exempt at the time they were so set apart; and, if the

2. FRAUDULENT CONVEYANCES. property was exempt, its transfer to the plaintiff was not a fraud upon the husband's creditors, and it was not subject to sale to satisfy his debt. *Gollobitsch v. Rainbow,* 84 Iowa, 567.

It is clearly shown that the other calf was of trifling

value when the other stock was attached and sold, and its transfer to the plaintiff will not be disturbed. "A gift of property so trivial in value that it would not repay the expense of a sale on execution will not be disturbed." See cases cited in 14 Am. & Eng. Enc. of Law, 256.

3. SAME.

The value of the property levied on and sold was $480 in round numbers, and for this sum, with interest at 6 per cent. per annum from the 1st of January, 1903, the plaintiff will have judgment.— *Reversed.*