JOHN A. GREEN, Appellant, v. W. A. FORNEY, LETTIE FORNEY, GEO. T. HEDGES & COMPANY, GEORGE T. HEDGES, ALBERT M. WALTERS, JAMES L. BEVER and the BEVER LAND COMPANY, Appellees.

**Homesteads:** LIABILITY FOR DEBTS. A creditor cannot subject the
1 proceeds of a homestead, acquired before the debt was contracted, to the payment of his claim.

**Husband and wife:** SEPARATE ESTATE OF THE WIFE. Property ac-
2 quired by the wife with funds arising from her own separate enterprise, carried on with the consent of her husband, cannot be subjected to the payment of his debts; and labor performed by the husband in improving the property will not render it his, since he may give his time and exempt earnings to his wife if he chooses.

**Creditors bill:** RIGHT OF ACTION. The judgment of a Superior
3 Court with the clerk's filing indorsed thereon is not sufficient basis for a creditor's bill.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

FRIDAY, MAY 17, 1907.

THIS is a creditor's bill, aided by attachment, upon which several garnishments were run to subject certain property in the names of Lettie Forney and Nellie P. Walters to the payment of plaintiff's judgment against W. A. Forney. Other defendants were garnished as debtors of W. A. Forney. The trial court dismissed the petition, and plaintiff appeals. —*Affirmed.*

*Redmond & Stewart,* for appellant.

*Jamison & Smythe,* for all appellees save Nellie P. Walters.

DEEMER, J.—Plaintiff holds a judgment against W. A. Forney for the sum of $916.50, rendered upon notes executed by defendant in the year 1896, and this action was brought to subject certain rights and equities which it is claimed defendant Forney had in certain lots in the city of Cedar Rapids. In November of the year 1885, a deed was made to Lettie A. Forney for one of the lots in controversy. On March 21, 1903, Lettie A. Forney contracted to sell this lot to Nellie P. Walters for the consideration of $1,800, $100 of which was paid in cash, and the remainder was to be paid in monthly installments of $18 each. At the time of trial something over $1,200 was due on this contract. On April 18, 1903, Lettie Forney purchased the other lot from the Bever Land Company, paying $1,000 in cash, providing for the payment of the balance of the purchase price, to-wit, $1,450, in monthly installments of $30 each. In the fall of the year 1903, Lettie Forney sold this lot to John Gray for the agreed price of $4,150, but she reserved possession until the spring of the year 1904. At the direction of Lettie Forney, deed was made by the Bever Land Company direct to Gray, and at that time there was due the Bever Land Com-

pany from Lettie A. Forney the sum of $2,337.71. This amount was taken out of the purchase price agreed to be paid by Gray, and the remainder was paid to the Forneys. About the time Mrs. Forney contracted to sell the lot to Gray, she entered into a contract with the Bever Land Company for the purchase of the other lot in controversy, agreeing to pay therefor the sum of $3,250, $100 of which was paid in cash in October of the year 1903, and $1,000 on March 1, 1904, and the balance was to be paid in monthly installments of $30 each. At the time of the trial, there had been paid on this contract the sum of $1,379.07, leaving a balance due the land company of $1,870.93. This latter property was valued at the time of trial at $4,650.

Plaintiff seeks to reach the equity in these two properties, to-wit, $1,212 in the property first described, and $2,-629 in the property last mentioned, claiming that, although in the name of Lettie Forney, it in fact belonged to Wm. A. Forney. It is claimed that all money thereon came from the earnings of her husband, and that she held the title in trust for him and his creditors, and that, even if she furnished part of the consideration, the remainder should be subjected to the payment of the judgment. These are purely fact propositions, and it will be useless to set out the testimony in detail bearing thereon. The property first described was and is the homestead of the Forneys' and, as title thereto was acquired before plaintiff's debt was contracted, he has no right to. subject the proceeds of the sale to the payment of his judgment.

Moreover, we think the record fairly shows that Mrs. Forney furnished the entire consideration for the lot, receiving the same from the keeping of boarders with the consent of her husband that she carry on that business for herself and in her own right. These funds belonged to the wife. *Ehlers v. Blumer,* 129 Iowa, 168. As a conclusive answer to appellant's contention on this point, it is enough to say that, while Nellie P. Walters, the purchaser of the property and

the debtor therefor, was named as a defendant, she was not in fact a party to this action.    This clearly appears from a transcript of the record which has been certified for our inspection.    Code, section 4089.    As to the other lot which Mrs. Forney purchased from the Bever Land Company, she used part of the consideration which she received indirectly from Mrs. Walters in the purchase thereof, and the remainder she obtained in the advance in price of the Gray property and from keeping boarders, save what work her husband did in the matter of making improvements upon the various properties.    Wm. A. Forney is a plasterer, and as such did work upon his wife's property.    This did not make the property his, and he was so far as his creditors were concerned, justified in giving his time and work to his wife. Moreover, he had the right to give her all his exempt earnings.    *Carse v. Reticker,* 95 Iowa, 25; *Foreman v. Bank,* 128 Iowa, 661; *Machine Co. v. Pouder,* 123 Iowa, 17; *Deere v. Boone,* 108 Iowa, 281.    It also appears that Lettie Forney was state deputy of the Ladies' Auxillary of the A. O. U. W., and that as such she received $1.50 per day for her work for two years, which amount was also put into the properties purchased by her.    We think plaintiff has entirely failed to make out either a case of fraud or of secret trust.

As a conclusive answer to plaintiff's entire case, it appears that the judgment upon which he claims is from the Superior Court of the city of Cedar Rapids.    No other judgment is shown.    There is indorsed upon the back of a transcript thereof the following:    " Filed Nov. 26, 1904.    C. W. Braska, Clerk."    This is the entire showing, save some declarations of counsel as to what this means.    It is manifestly not a sufficient basis for a creditor's bill.    *Peterson v. Gittings,* 107 Iowa, 306; *Drahos v. Kopesky,* 132 Iowa, 497.

For the reasons stated, the judgment and decree of the District Court is *affirmed.*