## FIRST NATIONAL BANK OF BEAVER CREEK, MINNESOTA v. FRANK WIGGINS, SHERIFF OF ROCK COUNTY.[1]

December 22, 1922.

No. 23,169.

**Verdict sustained by evidence.**

1. In an action in claim and delivery, it is *held* that the evidence supports the verdict of the jury, and that the record presents no reversible error.

**Chattel mortgage presumptively fraudulent to creditors of mortgagor.**

2. A chattel mortgage, though filed in the proper office, is presumptively fraudulent as to the creditors of the mortgagor.

**Rule not changed by 1905 revision of the statute.**

3. The rule applied in Braley v. Byrnes, 25 Minn. 297, construing G. S. 1894, § 4129, was not changed nor abrogated by the revision of the statute in 1905, when the section was moulded into its present form. The substance of the statute remains as before the revision.

**Likewise where mortgagor can sell the property without applying proceeds on the debt.**

4. The rule that a chattel mortgage is fraudulent as to creditors where the mortgagor is by the instrument of mortgage, or by other written or parol agreement, permitted to sell and dispose of the mortgaged property without applying the proceeds in reduction of the mortgage debt, followed and applied.

**Evidence sufficient to sustain finding of permission to sell in this case.**

5. The evidence justified the jury in finding that such an agreement was made or an understanding had between the parties at the time the mortgage was executed, and that in dealing with the property thereafter the mortgagor acted thereon.

Action in claim and delivery in the district court for Rock county to recover $7,500. The case was tried before Nelson, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of defendant

[1]Reported in 191 N. W. 264.

and that the value of the property was $5,000. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Hansen & Engan, A. M. Freeman* and *Parliman & Parliman,* for appellant.

*Canfield & Michael,* for respondent.

BROWN, C. J.

Action in claim and delivery for the possession of certain personal property alleged to belong to plaintiff and wrongfully detained by defendant. Defendant had a verdict and plaintiff appealed from a judgment rendered thereon.

It appears that during the dates and times involved in the action M. O. Page and B. R. Page were copartners engaged in the automobile business at Luverne, Rock county, this state. They conducted a general retail trade in automobiles and automobile supplies and accessories, carrying a stock in trade of some seven or eight thousand dollars in value. On the twenty-third day of May, 1921, they executed in due form of law a chattel mortgage covering their stock to plaintiff in this action to secure an indebtedness claimed to be due and owing plaintiff at that time in the sum of $5,392.77, which was represented by certain promissory notes executed by the mortgagors. The mortgage was duly acknowledged, and filed in the proper office on the same day. Subsequent thereto the mortgagors remained in the possession of the mortgage stock and continued the conduct of their business as before the mortgage was made and filed. Plaintiff's right of recovery of the property is predicated solely on that mortgage.

Defendant is the sheriff of Rock county and levied upon and took the mortgaged property into his possession: (1) Under an attachment issued against Page Brothers; and (2) under an execution issued out of the district court of the county against M. O. Page, and thereunder he justifies his right to retain the property for the purpose of a sale as required by law in such cases. The attachment was issued and levy made in October, 1921, and subsequent to the execution and filing of the mortgage held by plaintiff. The facts

stated appear from the answer of defendant, to which plaintiff replied, denying the allegations of new matter therein contained.

The questions presented by the pleadings and in fact litigated on the trial centered around the validity of the chattel mortgage, the bona fides thereof and the good faith of the parties thereto; also the further question whether it was the understanding of the parties at the time that the mortgagors should continue in the transaction of their business precisely as though no mortgage had been given to plaintiff, in the sale of the stock, replenishing the same as occasion required, without accounting to plaintiff and the payment of the proceeds to it for application on the mortgage debt. This was the principal issue submitted to the jury, and their verdict for defendant necessarily is founded on the claim that the mortgage was not a bona fide transaction, but rather to hinder and delay the creditors of the mortgagors.

The assignments of error present the question: (1) Whether the evidence supports the verdict; (2) whether there was error in the admission or exclusion of evidence; and (3) whether the court erred in its instructions or refusals to instruct the jury. We answer the first in the affirmative, second and third in the negative.

1. We have examined and considered the record with care and reach the conclusion that the evidence is sufficient to support the verdict. Nor was there any error in the admission or exclusion of evidence of a character to call for a new trial. The main issue in the case was whether the mortgage under which plaintiff claims the property was fraudulent as to creditors. Some of the evidence sought to be drawn out by plaintiff on that subject involved conversations relative to the transaction, and rulings excluding questions tending to disclose the subject matter thereof were not followed with an offer to show the materiality of the same, and there was therefore no reversible error therein. Austin v. Robertson, 25 Minn. 431. 3 Dunnell, Minn. Dig. § 9717.

2. The principal contention in support of the appeal is that the court erred in its instructions to the jury to the effect that the chattel mortgage under which plaintiff claims the property was presumptively fraudulent as to the creditors of the mortgagors. We

find no error in this respect. The court followed the rule laid down in Braley v. Byrnes, 25 Minn. 297; Bannon v. Bowler, 34 Minn. 416, 26 N. W. 237, and other later decisions cited in 1 Dunnell, Minn. Dig. § 1451. But counsel urge that the rule was founded upon a construction of G. S. 1894, § 4129, the statute then in force, the terms of which, it is claimed, were materially changed by subsequent amendments, in effect abrogating the rule entirely. The point is not sustained.

The only change in the statute on the subject came about by the revision of 1905, when the section in question was moulded into its present form. But there was no substantial change in the statute, some features thereof only were rearranged, leaving the substance, as applied to the facts here presented, the same as before. The situation calls for an application of the presumption that a change in the language of a statute by a general revision thereof does not necessarily indicate an intention to alter the law in point of substance; in fact, the inference is to the contrary. Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243; Dunnell, Minn. Dig. 1916 Supp. § 8961 and citations. In addition to that presumption or inference we have as to the particular statute the report of the revision commission that no change in the chattel mortgage statutes was made, and that the substance of the old law was retained. Report of Statute Revision Commission, page 28. So that the rule stated in Braley v. Byrnes, supra, still obtains, and a chattel mortgage even though filed is presumptively fraudulent as to the good faith creditors and subsequent purchasers of the mortgagor. The person claiming under such a mortgage has the burden to overcome the presumption.

3. The claim was made on the trial that, by an understanding and agreement between the mortgagors and mortgagee at the time the mortgage was executed, the mortgagors were to continue in the sale of the goods mortgaged, replacing the same with new, and without directly accounting for the proceeds to the mortgagee for application on the mortgage debt, and the question was submitted to the jury; the verdict sustained the claim. The contention that the court erred in submitting the question to the jury and also in

the admission of evidence to establish the agreement or understanding is not sustained.

It is well settled law in this state, though the rule is not uniform in the different states (5 R. C. L. 434), that where a mortgagor of chattels, when possession is not changed by the terms of the mortgage or by separate written or parol agreement, is permitted to sell and dispose of the mortgaged property without applying the proceeds on the mortgage debt, is void as to the creditors of the mortgagor and subsequent purchasers for value. Harris v. Spencer, 130 Minn. 141, 153 N. W. 125. The evidence made the existence of such permission in the case at bar one for the jury, and we find no reason from the record for disapproving of their verdict thereon. All the evidence tendered by defendant on the subject was admissible. Horton v. Williams, 21 Minn. 187; Davenport v. Foulke, 68 Ind. 382, 34 Am. Rep. 265; Hangen v. Hachemeister, 114 N. Y. 566, 21 N. E. 1046, 5 L. R. A. 137, 11 Am. St. 691. Plaintiff by its complaint pleaded generally that plaintiff was the owner of the property, the source of title not being disclosed. In that state of the pleadings the defense of fraud in the title disclosed by plaintiff on the trial was open to defendant under the general denial of the answer. Tupper v. Thompson, 26 Minn. 385, 4 N. W. 621. The rule is not overcome by allegations of the source of plaintiff's title in the reply; the complaint cannot thus be aided. 2 Dunnell, Minn. Dig. § 7628.

This covers the case and all the points requiring specific attention. The evidence sustains the verdict, there were no errors in the admission or exclusion of evidence, or in the charge of the jury, or refusals to charge, and the judgment appealed from must be affirmed. The suggestion in the brief of appellant that the execution under which defendant justified seizing the property was issued on a judgment against M. O. Page alone, and that since B. R. Page was a joint owner of the property the levy thereon was unauthorized, does not seem to have been litigated or called to the attention of the court below and is not available here as a basis for a reversal. 1 Dunnell, Minn. Dig. § 401, et seq.

Judgment affirmed.