# STEPHEN SINGER v. FARMERS STATE BANK OF GOODRIDGE.[1]

December 19, 1924.

No. 24,323.

**When chattel mortgage is presumptively fraudulent as to creditors and purchasers of mortgagor.**

A chattel mortgage, where the mortgagor remains in possession, is presumptively fradulent as to the creditors and purchasers of the mortgagor, and the assignee of the mortgage of a cause of action for the conversion of the chattels suing a creditor on such cause of action must prove good faith in the execution and delivery of the chattel mortgage before he can prevail.

[1]Reported in 201 N. W. 414.

Action in conversion in the district court for Pennington county to recover $95, the value of the mortgaged property sold by defendant. The case was tried before Grindeland, J., who ordered judgment for $92.50. From the judgment defendant appealed. Reversed.

*J. M. Bishop,* for appellant.

*Theo. Quale,* for respondent.

WILSON, C. J.

Action for conversion. John Eidelbes was the owner of certain chattels. He gave a chattel mortgage to Joe Eidelbes which was promptly filed for record in the proper office. The mortgagor remained in possession and later employed the defendant to conduct for him a public sale of the chattels. The sale was had. Defendant collected the proceeds of the sale and applied them upon a note which it held against John Eidelbes. The mortgagor and the mortgagee were brothers. The mortgagee assigned his cause of action against defendant to plaintiff. The case was tried to the court without a jury. Defendant has appealed from the judgment entered in favor of the plaintiff. Defendant was a creditor of the mortgagor.

Under section 6966, G. S. 1913, a chattel mortgage, where the mortgagor remains in possession, is presumptively fraudulent as to the creditors and purchasers of the mortgagor. First Nat. Bank of Beaver Creek v. Wiggins, 154 Minn. 84, 191 N. W. 264; Hogan v. Atlantic Elev. Co. 66 Minn. 344, 69 N. W. 1. But not as to others. Hazlett v. Babcock, 64 Minn. 254, 66 N. W. 971. In this case the plaintiff made no effort to meet this burden which the law placed upon him. Before he can recover he must prove the execution and delivery of the mortgage in good faith. This failure on the part of plaintiff necessitates a new trial which is ordered.