## RICHMOND E. THOMAS v. IDA HANSEN.[1]

April 23, 1926.

No. 25,174.

**Wife's ownership of share of crops question of fact for jury.**

Hansen and his wife jointly owned a farm. They lived on it. They operated it together. With the wife's consent the husband leased part of it in form as though he was the sole owner. It was understood between them that they would own equally the landlord's share of the crops. The husband became a bankrupt and the trustee sued the wife to get possession of the share of the crop which she claimed to own. *Held*:

That the evidence failed to conclusively show that the wife surrendered the entire use of her interest in the farm to her husband and that the record presented a question of fact as to the ownership of such share of the crops, which was properly submitted to the jury.

Bankruptcy, 7 C. J. p. 271 n. 94; p. 274 n. 47.

Action in replevin in the district court for Marshall county by the trustee in bankruptcy of Andrew Hansen. The case was tried before Grindeland, J., and a jury which returned a verdict in favor

[1]Reported in 208 N. W. 649.

of defendant. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*A. N. Eckstrom*, for appellant.

*Julius J. Olson* and *Rasmus Hage*, for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying a motion for a new trial. This is an action in replevin. The bankrupt is the husband of defendant. In 1914 the husband and wife bought a farm in Marshall county on contract. It was deeded to them in 1917. They were both named in the contract as purchasers and both were named as grantees in the deed. They lived on, operated and improved the farm. Their money was in the bank in the husband's name but was checked out by both. Defendant and husband were equally interested in the necessary sales and purchases. She was a bright woman and active in the operation of the farm. She paid bills, hired help and attended sales to buy stock.

In the fall of 1923 defendant and husband put in about 100 acres of rye. They lost their personal property by the foreclosure of a chattel mortgage. They went to Iowa for the winter. In the spring of 1924 the husband returned and planted the remainder of the land. After procuring his wife's consent, he made a lease with one Strand to harvest and thresh the 1924 crop, for which Strand was to have one-fourth. Defendant claims that it was understood between her and her husband that they would share equally in the crop in question. He executed the contract in form as though he were the sole owner of the farm. As harvesting commenced a creditor attached the crops as the property of the husband. Defendant then accompanied her husband to a law office where he signed a petition in bankruptcy. The Strand contract was shown to the attorney who made the schedules and he, apparently being misled thereby, listed the farm as the sole property of the bankrupt. Three-fourths interest in the crop was also listed as owned by the bankrupt. The evidence does not satisfactorily show that defendant knew that the property was listed as her husband's.

Defendant concedes that plaintiff is entitled to her husband's share of the grain. Plaintiff seeks by this action to get possession of that portion claimed by defendant.

We are of the opinion that the evidence fails to conclusively show that defendant surrendered the entire use of her interest in the farm to her husband. Under the evidence this was a question of fact. The jury might well conclude that the operation of the farm was a joint enterprise. The fact that defendant owned an undivided one-half interest in the farm is established. She and her husband lived on the land. Persons in possession of land presumably have an interest in the crops raised. The burden was on plaintiff to prove that the crops involved were owned by the bankrupt. Hossfeldt v. Dill, 28 Minn. 469, 10 N. W. 781; Duncan v. Kohler, 37 Minn. 379, 34 N. W. 594; Heartz v. Klinkhammer, 39 Minn. 488, 40 N. W. 826; Honeywell v. Norby, 61 Minn. 188, 63 N. W. 488; Hazlett v. Babcock, 64 Minn. 254, 66 N. W. 971; Hoover v. Carver, 135 Minn. 105, 160 N. W. 249; Foreman v. Citizens' State Bank, 128 Iowa, 661, 105 N. W. 163. The important question presented by the record was who owned the crops, i. e., who owned the crops naturally following the interest in the land owned by defendant. This question was properly submitted to the jury. Its conclusion has the approval of the trial court. We do not see how either the jury or the court could have done otherwise. We have carefully examined the other assignments of error and have concluded that they do not require discussion.

Affirmed.