# IDA HANSEN v. RICHMOND E. THOMAS AND OTHERS.[1]

April 8, 1927.

No. 25,951.

**In action for replevin defeated plaintiff cannot escape liability on his bond by turning property into court.**

1. A defeated plaintiff in a replevin action, who has taken the property under his writ and given bond for its return, cannot escape liability on the bond by procuring an ex parte order permitting him to deliver the property into court. That procedure is not permitted by the statutory interpleader provided for by G. S. 1923, § 9262. The plaintiff and his sureties cannot go behind the judgment for restitution when sued upon the replevin bond, and defend upon the ground that the property had been turned into court.

**But he may show that real loss is less than value of the goods.**

2. While it is the general rule that a plaintiff, defeated in a replevin action, is not relieved of liability on his bond by the loss or destruction of the property while in his possession pending the action, he may show in mitigation of damages, when sued upon the bond, that the real loss is less than the value of the goods.

Replevin, 34 Cyc. p. 1575 n. 33 New; p. 1582 n. 80; p. 1593 n. 68; p. 1594 n. 78 New.

See note in 31 A. L. R. 1290; 23 R. C. L. 906; 5 R. C. L. Supp. 1250; 6 R. C. L. Supp. 1379.

Plaintiff appealed from an order of the district court for Marshall county, Grindeland, J., overruling her demurrer to portions of the answer. Reversed.

*Julius J. Olson, Rasmus Hage,* and *Loring & Hougen,* for appellant.
*W. O. Braggans,* for respondents.

[1] Reported in 213 N. W. 378.

STONE, J.

In this action on a replevin bond, the appeal is from an order overruling a demurrer to portions of the answer, the questions involved having been certified as important and doubtful.

The subject matter of the replevin action was one-half of the owner's share of the 1924 crop raised on a farm which at that time belonged to plaintiff and her husband, Andrew Hansen, as tenants in common. The issue was whether plaintiff or her husband owned the grain. Plaintiff, defendant in the replevin action, prevailing, judgment of restitution was rendered in her favor June 5, 1926. The property not having been returned to her, she commenced this suit upon the replevin bond. The complaint sets forth in detail the nature, course and result of the replevin action. The replevin case was here on appeal and is reported as Thomas v. Hansen, 167 Minn. 152, 208 N. W. 649.

In the portion of the answer challenged by demurrer are allegations which if true present the following facts. Proceeding substantially concurrent with the replevin case was another wherein one Grager sought the foreclosure of a chattel mortgage given by Andrew Hansen on the very grain for half of which plaintiff procured the judgment of restitution from Thomas. In that action Grager was the plaintiff and Andrew Hansen and Thomas the defendants. It also has been here. Grager v. Hansen, 165 Minn. 317, 206 N. W. 440. (Defendant Thomas, in all the litigation, has appeared as the trustee in bankruptcy of Andrew Hansen.) Grager prevailed, foreclosure was decreed, and the grain sold accordingly.

In both replevin case and foreclosure suit, Thomas, on August 4, 1925, filed an affidavit stating that he had "no personal interest in this matter" but wished "to deliver into court the property" involved "for the purpose of having the court designate the officer or receiver to whom the same shall be delivered." Upon the filing of those affidavits, there was made in each case an order providing that the storage tickets for the grain should be turned over to the clerk of court and by him held "subject to * * * further order." All the grain was sold at the foreclosure sale, which was reported to

and confirmed by the district court. So neither Thomas, as trustee, nor the clerk of the court, as custodian appointed by order, now has the grain or its proceeds. The latter went to pay the costs of the foreclosure action and to apply on the mortgage debt to Grager. Plaintiff knew of the pendency of the foreclosure action but was not a party thereto.

It is alleged also that both plaintiff and Thomas petitioned in the replevin case for leave to deliver the property into court. That allegation we disregard because it is followed by a copy of a written application which purports to be for Thomas alone and is so signed by him. So notwithstanding the preceding allegation that plaintiff joined in this application, the answer as a whole shows that she did not. It is alleged that this plaintiff had knowledge of all that was going on and of what was being done with the grain. The defense thus presented, and challenged by demurrer, has a dual aspect. It is argued for defendants (1) that Thomas has delivered the property into court to abide its judgment; (2) that it has been taken from him under the Grager mortgage and its foreclosure, and that either fact is enough to relieve from liability under the replevin bond for failure to return.

1. The delivery into court does not help defendants. Plaintiff did not join in that proceeding. No circumstances appear upon which to predicate an estoppel against her. She was not a party to the foreclosure action. She was a party to the replevin case but was not given notice of the application to deliver the property into court. Hence that proceeding did not bind her in any way. It was not justified by G. S. 1923, § 9262, which is for the benefit of "any person, as bailee or otherwise," who is in possession of personal property claimed adversely by two or more other persons where "the right thereto as between such claimants is in doubt." It cannot enable a plaintiff in a replevin action, when he finds himself worsted, to discharge his bond by delivering the property into court. Austin v. March, 86 Minn. 232, 90 N. W. 384. All else aside, the replevin case resulted in a judgment against Thomas for restitution and behind that judgment he cannot go now. The precise point was so ruled in Boyd v. Huffaker, 39 Kan. 525, 18 Pac. 508.

2. It is said to be "the decided weight of authority * * * that neither a plaintiff in replevin who has given bond and taken property, nor a defendant who, by giving bond, has retained or repossessed himself of the property, is relieved of liability * * * by its loss or destruction while in his possession pending the action." Annotation, 31 A. L. R. page 1290. On page 1292 are cited cases so holding even where the destruction was by act of God. "A plaintiff who, without right of title, has seized the property of another by writ or replevin," has been considered "as much a wrongdoer as a defendant in trover" and his undertaking in the replevin bond to be one "absolute to return the goods, or pay their value at the time of the execution ,of the bond." Suydam v. Jenkins, 3 Sandford, 614. That follows from the fact that the plaintiff or rebonding defendant in replevin is not a mere casual custodian or bailee liable only for negligence. He is under the absolute obligation, created by the bond, to return the property. But it remains true, notwithstanding, that the recovery on the bond cannot go beyond the actual damage. Hence anything may be shown in defense which mitigates the damage. For example, where goods, which were attached while liable for certain customs duties, were replevined, the payment of the duties by the plaintiff in replevin was held "equivalent to a payment or return * * * to that amount" of the replevined goods. Huggeford v. Ford, 28 Mass. (11 Pick.) 222. In Connecticut, that defendant in a suit on a replevin bond, "where a breach is admitted or shown," may "prove the real amount of the damages which the plaintiff has suffered to be less than the value of the goods" is considered settled by "repeated decisions" there and elsewhere. Jackson v. Emmons, 59 Conn. 493, 22 Atl. 296. The cases seem to result in this rule: "In the suit * * * (on the bond) the obligors may avail themselves of any fact which the plaintiff in replevin is not estopped by the judgment therein from setting up in order to limit the sum for which recovery shall be had." 2 Sutherland, Damages (3d ed.) § 507.

That seems sound logic and only plain justice. It is true enough that the principal and his surety should not be permitted to reopen any of the issues settled by the judgment of restitution. But if the

damages suffered by reason of the destruction of the property or its loss in the meantime are plainly far less, there certainly can be no justice in permitting the recovery of the full value as against one not a mere intruding stranger. The successful party in the replevin action may have owned only an undivided fraction of the property. In that case, nothing more appearing, he cannot recover the value of the whole. Bartlett v. Kidder, 14 Gray (Mass.) 449.

If in this case plaintiff had joined with her husband in the mortgage to Grager, and although nominally a party to the foreclosure action, she had never been served, it surely would be permissible now to plead that the property had gone under that mortgage and to pay the debt which it secured. It has been suggested that through estoppel or otherwise plaintiff, as to the grain in question, was in fact bound by that mortgage, but the answer does not make it so appear. If upon the return of the case to the district court, application is made to amend and plead anything of that kind, this opinion will be without prejudice thereto.

For the reasons above indicated, we cannot see that the portion of the answer attacked by the demurrer pleads any defense. In our judgment the latter should have been sustained.

The order appealed from is accordingly reversed.